THE MAYOR, etc., OF ATHENS *vs.* THE GEORGIA RAILROAD.

1. The municipal authorities of the city of Athens passed an ordinance that "no person or persons shall be allowed to store any guano or commercial fertilizer at any point within the corporate limits of the city of Athens without first obtaining the consent of the mayor and council." At that time, the Georgia Railroad had within the city of Athens, on the east side of the Oconee river, a depot and a building for the storage of commercial fertilizers, in which they were then stored. Subsequently the railroad company abandoned this depot and building, and moved across the river, nearer the center of the city, and at great expense erected other depot buildings and a house wherein they stored commercial fertilizers for their consigrees. No objection was made to this by the municipal authorities; but subsequently they fined the railroad agent and threatened further punishment both to him and the consignees:

*Held,* that the ordinance does not apply to such a store-house of the railroad; and the municipal authorities having seen the company move its depot and proceed to erect buildings, without objection or warning that it would not be allowed to store fertilizers there, they are now estopped from asserting the ordinance against the company.

(*a.*) Whether the ordinance is prohibitory and in restraint of trade, and therefore contrary to public policy and void, is not decided.

2. The act of December 21, 1833 (Prince's Dig., 304), authorizing the Georgia Railroad Company to purchase all lands contiguous thereto "that may be found necessary for the erecting toll-houses, store-houses, workshops, barns, etc.," invested that company with the right to purchase land and erect store-houses in the city of Athens, and to store therein such merchandise, commercial fertilizers and other freight as was necessary for its preservation and security, and the city of Athens has no power under its municipal authority to declare such store-houses, so erected and stored with freight, nuisances, or to abate the same, or to punish the company or its servants or agents for such storage.

April 8, 1884.

Municipal Corporations. Guano. Fertilizers. Laws. Railroads. Before Judge Estes. Clarke County. At Chambers. February 15, 1884.

Reported in the decision.

T. W. Rucker; Alex. S. Erwin, for plaintiffs in error.

Jos. B. Cumming; Geo. D. Thomas, for defendant.

Blandford, Justice.

The mayor and council of the city of Athens some years ago passed the following ordinance:

"No person or persons shall be allowed to store any guano or commercial fertilizer at any point within the corporate limits of the city of Athens without first obtaining the consent of the mayor and council."

The Georgia Railroad had at that time within the city of Athens, on the east side of the Oconee river, a depot and a building for the storage of commercial fertilizers, in which they were then stored. Subsequently, some year or two ago, the railroad company abandoned this depot

and building, and moved across the river nearer the center of the city, and at great expense erected other depot buildings and a house wherein they stored commercial fertilizers for their consignees. The authorities of the city of Athens made no objection to this. Afterward the agent of the railroad company was fined one hundred dollars for a violation of the above ordinance; also the municipal authorities of Athens fined certain of the consignees of these fertilizers, and are now threatening to fine and otherwise punish the agents of the railroad company for a continued violation of this ordinance.

This bill was filed by the Georgia Railroad Company to enjoin this action of the municipal authorities of the city of Athens. At the hearing, the chancellor granted the injunction prayed for; the city of Athens excepted to this decree granting this injunction; and this is the complaint here for our consideration. Whether the ordinance referred to is prohibitory, and as such is in restraint of trade, and thereby contrary to public policy and void, we do not decide. But we are of the opinion that the ordinance, under the facts of this case, does not apply to the defendant in error.

The defendant in error is a public carrier, and is bound, under the law of this state, to deliver at Athens all articles of merchandise, including commercial fertilizers, which it may have received for that purpose, and it is bound to take due care of all such articles while in its possession and before delivering to the consignees, and to this end it may erect storehouses for the safe-keeping of all such goods as it cannot make immediate delivery of. This is its duty as charged by the law.

When this company moved across the river and were proceeding to erect its buildings and storehouses, then the city authorities should have notified the company that they would not be allowed to store commercial fertilizers in such houses. This was but good faith on the part of the city, as it must have known, from the past course of the

company, that such was the intention of the company by the erection of a storehouse, the defendant in error being a common carrier, and having in the past transported large quantities of commercial manures, and that large storehouses were necessary for the proper protection of the same. The plaintiff in error must have known what the purpose and objects of defendant in error were in erecting the large storehouse in which it stored such fertilizers. Such being the presumption, and no note of warning being given defendant in error that it would not be allowed to store these fertilizers in such storehouse erected by it, the plaintiff in error is now estopped from claiming and asserting the ordinance against the defendant in error. We think it quite clear that it was never intended by this ordinance to prohibit the storage of fertilizers by railroad companies for their consignees.

The act of the legislature, approved December 21, 1833, (Prince's Digest, p. 304),which authorized the Georgia Railroad Company to purchase all lands contiguous thereto "that may be found necessary for the erecting toll-houses, storehouses, workshops, barns, etc.," invested this company with the right to purchase lands and erect storehouses in the city of Athens, and to store therein such merchandise, commercial fertilizers and other freight as was necessary for its preservation and security, and the city of Athens has no power, under its municipal authority, to declare such storehouses, so erected and stored with freight, nuisances, and to abate the same, or to punish said railroad company, or its servants or agents, for so doing. The exercise of the right to store freight of any kind by the defendant in error in such storehouses or barns as may have been erected by it, is in accordance with its charter, and no municipal corporation has the right or power to interfere therewith, and in so far as the city of Athens sought to interfere with this privilege thus granted to the Georgia Railroad, all such acts and ordinances are void.

Let the decree granting the injunction in this case stand affirmed.