### 3560. CITY OF SANDERSVILLE *v.* STANLEY.

HILL, C. J. 1. The demurrer was fully met by appropriate amendments, and, as amended, the petition set forth a good cause of action.

2. The act of December 20, 1899 (Civil Code of 1910, § 910), providing that notice of the "time, place, and extent" of injury to persons or property, claimed to have been inflicted by a municipal corporation, shall be given to its officers before suit is brought, is sufficiently complied with where the notice gives information sufficiently definite to locate the property alleged to have been injured, the amount of damages claimed, and sufficient data to enable the city authorities to examine into the alleged injuries and determine whether the claim should be adjusted without suit. In other words, a substantial compliance with the statute is enough, and exactness of description or nicety of pleading is not required. *Smith* v. *Elberton*, 5 *Ga. App.* 286 (63 S. E. 48); *Langley* v. *Augusta*, 118 *Ga.* 590 (11); (45 S. E. 486, 98 Am. St. R. 133).

3. Where suit is brought against a municipality to recover damages caused to the property of a private citizen by extending through the property an open sewer containing poisonous sewage, and thus destroying to a large extent its value for pasturage, for which purpose a large portion of it was used, testimony tending to show that water impregnated with the sewage passing through the land was so poisoned thereby that stock drinking it were killed, and that the use of the land for pasture had to be abandoned, was admissible in evidence, for the purpose of showing the deterioration in value of the property. *Langley* v. *Augusta*, supra.

4. No error of law appears, and the evidence supports the verdict.

*Judgment affirmed.*

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Sandersville—Judge Jordan.    May 26, 1911.

The notice referred to in the decision was as follows:

"State of Georgia, Washington County.    To the Mayor and Aldermen of the City of Sandersville:    Your petitioner, Mrs. E. M. Stanley, respectfully shows, that she is the owner of a certain tract of land, located about two and one half miles west of Sandersville, Ga., through which a creek runs, and from which her cattle and other stock in her pastures are watered; that along and near said creek she has provided homes for her tenants on her said lands; that the said City of Sandersville, in constructing its sewer, extended it to said creek, and into said creek the said sewer empties all the filth and droppings from the water closets of said city; and, in consequence, in said creek and through petitioner's land there flows a constant stream of polluted water and all manner of offensive salvage [sewage?] from said town, rendering said water unfit for her cattle and other stock to drink, and thereby injuring and damaging your petitioner in the sum of $1,500 or other large sum; that said water, having thus become contaminated and offensive from the aforesaid drainage, renders her said land less valuable, on account of rendering the surrounding territory covered by your petitioner's land, and embraced in which are some of the petitioner's tenant houses, unhealthy and less desirable on account of sickness to her said tenants resulting therefrom; and all to the injury and damage to your petitioner in the said sum of $1,500 or other large sum.    Wherefore your petitioner prays that the said City of Sandersville pay to her the said $1,500, or such sum as may be reasonable and just, as compensation to her for the injury and damage

thus sustained, and that said mayor and aldermen so order. This August 12, 1908. [Signed] Mrs. E. M. Stanley."

This notice was admitted in evidence over the defendant's objection that it was no demand as contemplated by law; that it was too vague and indefinite in its terms, and did not set forth with the certainty required by law the time, place, and extent of the injury complained of, and the negligence causing the same.

*J. E. Hyman, Evans & Evans, J. J. Harris,* for plaintiff in error.
*J. S. Adams, W. E. Armistead, Hines & Jordan,* contra.