## CITY OF TALLAPOOSA v. BROCK.

LUMPKIN, J. 1. In bringing suit against a municipal corporation for damages on account of a personal injury, it is necessary to allege a substantial compliance with the Civil Code, § 910, which requires a presentation in writing of such claim to the governing authority of the municipality for adjustment, stating the time, place, etc., before bringing suit, and allows the municipal authorities thirty days in which to act on the claim. A petition which fails to do this is demurrable. *Saunders* v. *City of Fitzgerald,* 113 *Ga.* 619 (38 S. E. 978); *City of Columbus* v. *McDaniel,* 117 *Ga.* 823 (45 S. E. 59); *Langley* v. *City Council of Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133).

2. A petition alleged a personal injury resulting from a defect in a sidewalk of a city, and that on a named date a notice was served, a copy of which was set out. It was directed to the mayor and served on him, and merely notified him that the injured person would file suit against the city for the injury (describing it and the time, place, and cause of its occurrence) to a term of the superior court which would convene several months after the date of the notice. *Held,* that such a notice merely of an intention to sue the city, directed to the mayor, was not such a presentation of the claim or demand to the governing authorities for adjustment as to meet the requirements of the statute.

3. There was no error in overruling the demurrer on the other grounds thereof.                    *Judgment reversed. All the Justices concur.*
                    AUGUST 19, 1912.

Action for damages. Before Judge Edwards. Haralson superior court. May 13, 1911.

*Lloyd Thomas* and *M. J. Head,* for plaintiff in error.

*U. G. Brock,* contra.