### 14634.   LEWIS *v.* CITY OF MOULTRIE.

STEPHENS, J.  1.  A written notice to a municipal corporation of the intention of a person injured to bring suit against it at a certain term of court, to recover for alleged injuries, is a presentation in writing of such claim to the governing authority of the municipal corporation for adjustment, as required by the Civil Code (1910), § 910.  This is a substantial compliance with the statute and gives the notice required.

2. A service upon the municipal corporation of a verbatim copy of the petition which the person injured intends to file in a suit against it, which states the time, place, and extent of the injuries complained of, accompanied by a letter from the plaintiff's attorneys to the clerk of the municipal corporation, reciting the name of the case and stating that "we inclose herewith claim in the above-stated matter as required by law," is, under the above ruling, sufficient as a presentation of the claim for adjustment.

3. In a suit against the city, by the person injured, where it appeared that a written notice as above indicated had within due time been served upon the municipal corporation, and where the evidence other-

wise authorized a verdict for the plaintiff, the trial judge erred in rejecting evidence tending to establish the notice and in awarding a nonsuit.

4. The decision in the case of *City of Tallapoosa* v. *Brock*, 138 *Ga.* 622 (75 S. E. 644), is not authority to the contrary, since it does not appear from the facts there narrated that the notice was served upon the governing authorities of the municipal corporation. It is there held that such a notice as above described, when directed to and served upon the mayor, was "not such a presentation of the claim or demand to the governing authorities for adjustment as to meet the requirements of the statute."

*Judgment reversed. Jenkins, P. J., concurs. Bell, J., dissents.*

DECIDED FEBRUARY 29, 1924.

Action for damages; from Colquitt superior court—Judge W. E. Thomas.    April 3, 1923.

Application for certiorari was denied by the Supreme Court.

*Dowling, Askew & Whelchel,* for plaintiff.

*P. Q. Bryan,* for defendant.

BELL, J., dissenting. I respectfully differ with my colleagues in the construction of the decision of the Supreme Court in *City of Tallapoosa* v. *Brock,* 138 *Ga.* 622 (2). I think that the ruling in that case had reference not only to the sufficiency of the presentation, but also to the form of the claim, and that it is controlling upon the proposition that the writings in this case did not constitute such a "claim" as the law requires to be presented. I am therefore of the opinion that the nonsuit was proper.