## 17987. DAVIS *v.* CITY OF ROME.

STEPHENS, J. 1. Where in a city street there is a strip of land about five feet in width, separated from that part of the street which is used for vehicular traffic by a small ditch used to convey surface water, and which is between the ditch and a private abutting lot, which strip of land is, with knowledge on the part of the city, used by pedestrians as a pathway, the strip of land, being a part of a public street of the city, is necessarily dedicated to public use as a pathway for pedestrians; and, irrespective of whether the pathway can properly be designated as a sidewalk which the city is under a duty to keep in repair and render safe for travel thereon by pedestrians, the city is nevertheless under a duty, when creating or maintaining any condition in the pathway, to exercise, in so doing, due care for the safety of pedestrians using the pathway.

2 The maintenance by the city, upon that part of such a sidewalk or pathway which is used by pedestrians in traveling over the sidewalk or pathway, of a meter-box, as a part of the city's waterworks system, in such a condition that the top of the meter-box, because of the height of the meter, will not rest down securely upon the rim of the box, and, because of such insecure condition of the top of the meter-box, the top does not stay in position but is continually knocked off by passing pedestrians, thus leaving the meter-box open and exposed, and leaving an unprotected opening in the sidewalk which is about eight inches wide, about twenty inches long, and about fifteen inches deep, which condition in the construction of the meter-box has been in existence for several years, will authorize an inference that, as against a pedestrian traveling along the sidewalk or pathway, the city knew of this condition of the sidewalk or pathway and was negligent in maintaining the sidewalk or pathway in such condition. A pedestrian who, without fault, steps into the opening and is injured as a result of the city's negligence in maintaining such condition may recover for injuries thus sustained.

3. Where in a suit by a pedestrian to recover for injuries received as a

Municipal Corporations, 43 C. J. p. 987, n. 97; p. 1036, n. 6; p. 1049, n. 5; p. 1206, n. 5; p. 1218, n. 86.

Pleading, 31 Cyc. p. 120, n. 84.

result of stepping into the opening containing such a meter, it was alleged in one count of the petition that the meter and the hole were in the sidewalk, and in another count of the petition that they were in a pathway used for travel by pedestrians as described in paragraph 1 above, the allegations relate to the same transaction, and the petition is good against demurrer based upon the ground that it is duplicitous and contains a misjoinder of actions. *Gainesville & Dahlonega Electric Railway Co.* v. *Austin,* 122 *Ga.* 823 (3) (50 S. E. 983); *Gainesville & Dahlonega Electric Railway Co.* v. *Austin,* 127 *Ga.* 120 (3) (56 S. E. 254).

4. Where a statute provides for the presentation of written communication to a collective body, as a board or commission, the filing of the communication with the custodian of the records of the body is a compliance with the statute's provisions as to service upon the body. Where, under § 910 of the Civil Code of 1910, notice of intention to bring suit against a city is required to be made by a presentation of the claim in writing to the governing authority of the city, the filing of the required notice in writing in the office of, and the leaving of it with, the officer who is the secretary or the clerk of the city commission, which is the governing authority of the city, and is the officer who is the custodian of the records of the city, is a presentation of the claim to the governing authority of the city as required by the statute.

5. The petition in both counts set out a cause of action, and was good against the general and special demurrers interposed. The court erred in sustaining the demurrers and in dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1928.

Action for damages; from Floyd superior court. Judge Maddox. January 24, 1927.

*Harris & Harris,* for plaintiff.    *Paul H. Doyal,* for defendant.