38238.   PEEK *v.* CITY OF ALBANY.

DECIDED APRIL 29, 1960.

*J. Neely Peacock, Jr.,* for plaintiff in error.

*Smith, Gardner, Kelley & Wiggins, Asa D. Kelley, Jr.,* contra.

FRANKUM, Judge. Code (Ann.) § 69-308 provides: "No person, firm or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be

entertained by the courts against such municipality until the cause of action therein shall have been first presented to the said governing authority, for adjustment." In *Humthlett* v. *Reeves* 212 *Ga.* 8 (90 S. E. 2d 14) the court stated: "The generally accepted meaning of the phrase 'governing authority' or 'governing body' in reference to the operation of city or county governments, is a council or board performing legislative functions."

In the instant case, the Albany City Charter provides: The "Board of City Commissioners shall be the supreme governing body of the City of Albany, exercising all privileges herein conferred upon the corporation, unless otherwise specifically delegated." Ga. L. 1949, pp. 111-121. The charter also provides: "The municipal government shall consist of a Mayor, who shall be also a member of the Board of City Commissioners, . . . a Mayor pro tem, who shall also be a member of the Board of City Commissioners, . . . one commissioner from each of the five wards of the city. . ." Ga. L. 1949, p. 115. The city manager is only concerned with administrative duties, though he can contract on behalf of the city up to $500. Ga. L. 1923, p. 370.

It is clear from the above authority that, before a suit for damages is instituted against the City of Albany, a written notice which substantially complies with Code (Ann.) § 69-308 to the City Commission is necessary. See *Langley* v. *City Council of Augusta*, 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. Rep. 133); *Aldred* v. *City of Summerville*, 215 *Ga.* 651 (113 S. E. 2d 108). The petition affirmatively shows that no written notice was given to the governing authority, but alleges certain acts of the mayor as a basis for a waiver or estoppel against the city. Assuming, but not deciding that the city could be estopped (see *City of East Point* v. *Upchurch Packing Co.*, 58 *Ga. App.* 829, 200 S. E. 210) the petition does not allege that the mayor, under proper authority, was acting on behalf of the board of city commissioners, nor that the mayor had the power to waive such notice. It is clear that, in those cases where the doctrine of estoppel has been applied to municipal corporations, the particular act of the officials relied upon for the estoppel or the particular right of the city sought to have been waived must be within that

official's authority to control. See 65 A. L. R. 2d 1278, 1291.

Though the charter provides that the mayor is the proper party for service of process upon the city and that the mayor is a member of the city commissioners, there is no provision that the mayor has the authority to settle claims against the city, nor is the power to waive such notice of a claim alleged. Code § 89-903 provides: "Powers of all public officers are defined by law and all persons must take notice thereof. The public may not be estopped by the acts of any officer, done in the exercise of a power not conferred." The city commissioners being the supreme governing body of the City of Albany would be the proper forum for the plaintiff's notice. Only the acts or actions of the board of city commissioners would estop the city. In the absence of an allegation that the mayor, under proper authority, was acting on behalf of the commissioners or that the board of city commissioners had delegated to the mayor the power to waive such notice, the trial court did not err in sustaining the general demurrer.

*Judgment affirmed. Gardner, P. J., Townsend and Carlisle, JJ., concur.*