42062.   HOLLAND v. CITY OF CALHOUN.

ARGUED JUNE 8, 1966—DECIDED JUNE 22, 1966—REHEARING
DENIED JULY 8, 1966—

52

*Harbin M. King,* for appellant.

*T. L. Shanahan, Warren Akin,* for appellee.

DEEN, Judge. ■ The maintenance of a water system is a proprietary, private and nongovernmental function of the municipal corporation as to acts in the performance of which an equitable estoppel or estoppel *in pais* may be applied just as though it were a private corporation. *City of Atlanta v. Gate City Gas Light Co.,* 71 Ga. 106; *Mayor &c. of Athens v. Georgia R.,* 72 Ga. 800; *City of Jefferson v. Holder,* 195 Ga. 346 (24 SE2d 187); *City of Summerville v. Georgia Power Co.,* 205 Ga. 843 (2) (55 SE2d 540); *City of Atlanta v. Glenn,* 17 Ga. App. 619 (87 SE 910); *City of Savannah v. Monroe,* 22 Ga. App. 190 (95 SE 731); *Brown v. Western Union Tel. Co.,* 39 Ga. App. 152 (147 SE 151); *City of East Point v. Upchurch Packing Co.,* 58 Ga. App. 829 (200 SE 210). The appellee here contends that *Code* § 69-308 making written notice to the municipality within six months of the injury a condition precedent to the filing of a suit mandatory is a limitation which cannot be waived and against which no estoppel will lie. In *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451) it was assumed, without expressly deciding the point, that a municipal corporation in the exercise of a proprietary function might be estopped from contending that the notice given was not in writing, but the opinion went on to say that in such case the notice must be given to the proper governing authorities. Here the plaintiff, within the six

month period, twice appeared before the city council, the proper forum to hear her complaint and which in fact, according to the allegations of the petition, thoroughly investigated the matter, and relied on the statement of that body that litigation was not desired and the claim would be acted upon at such time as she was able to furnish the proper medical information. Thereafter, and about seven weeks after the time had elapsed, she did furnish the information and did present the claim in writing. ·

The purpose of the ante litem notice is simply to give the city such information as may be necessary to enable it to investigate the claim and determine whether it prefers to adjust the claim without suit. *Kennedy v. Mayor &c. of Savannah*, 8 Ga. App. 98 (1) (68 SE 652). Obviously such notice was in the possession of the governing body of the municipal corporation before whom the plaintiff twice appeared, but that alone would be insufficient to waive written notice within the time limited. When, however, that body went further and told the plaintiff, within the period when she could have filed the notice, that they wished to settle the claim without litigation, promising to act upon it when the medical information was furnished, and when again within the six-month period when she might have given the notice she appeared before them a second time with the information that her doctor's statement would not be available for some months and they again definitely stated, according to the averments of the petition, that it would be satisfactory to wait until such information was available and they would then settle the claim, and where a written notice of claim was in fact given less than two months after the statutory time allowance, and was not given before that time because of the plaintiff's reliance on the statements of the city council that they would settle the claim when the information was available, the plaintiff's position was prejudiced by reliance on statements which it was within the authority of the board of aldermen to make to the extent that it would be fraudulent to deny the claim merely on the proposition that the notice was not given in writing *before* the expiration of six months. The allegations here, if proved, are sufficient to create an equitable estoppel within the meaning of *Code* § 38-114 "where it would be more unjust and productive of more evil to hear the truth than to forbear the investigation."

54

■ The petition set out a cause of action based on negligence of the city. If the ditch on being refilled was so loosely packed with dirt that rainfall caused it to become impassable, and this condition could not be seen by a motorist using the street because the top layer of crushed rock closely resembled the adjacent paved surface, the city failed to perform its ministerial duty to keep its streets in reasonably safe condition. *Mayor &c. of Milledgeville v. Holloway,* 32 Ga. App. 734 (124 SE 802). Indubitably, whether or not the condition, resulting as it did from the fact that rainfall had intervened, should have been anticipated and guarded against is a question which addresses itself to the jury as a matter of fact rather than to this court as a matter of law.

It was error to dismiss the petition on general demurrer.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*