23700. CITY OF CALHOUN v. HOLLAND.

Argued October 10, 1966—Decided November 23, 1966—
Rehearing denied December 14, 1966.

*T. L. Shanahan, Warren Akin,* for appellant.

*Harbin M. King,* for appellee.

Cook, Justice. This court granted certiorari to review the ruling by the Court of Appeals in *Holland v. City of Calhoun,* 114 Ga. App. 51 (150 SE2d 155), summarized in Headnote 1 as follows: "Where the plaintiff appeared twice before the governing authority of the municipality to present her claim for injuries, and was assured that the city would wait until her medical information was complete and would then settle the claim, the fact that notice in writing was not given until more than six months had elapsed does not under these facts bar the prosecution of the suit." A statement of the facts necessary to an understanding of the case appears in the opinion by the Court of Appeals.

*Code Ann.* § 69-308 provides in part: "No person, firm or corporation, having a claim for money damages against any municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the court against such municipality until the cause of action therein shall have been first presented to said governing authority, for adjustment. . ."

The Court of Appeals, in the body of the opinion, held: "The maintenance of a water system is a proprietary, private and nongovernmental function of the municipal corporation as to the acts in the performance of which an equitable estoppel or

estoppel in pais may be applied just as though it were a private corporation." Four cases by this court are cited in support of this ruling, as follows: *City of Atlanta v. Gate City Gas Light Co.,* 71 Ga. 106; *Mayor &c. of Athens v. Georgia R.,* 72 Ga. 800; *City of Jefferson v. Holder,* 195 Ga. 346 (24 SE2d 187); and *City of Summerville v. Georgia Power Co.,* 205 Ga. 843 (2) (55 SE2d 540).

While these cases hold that a municipal corporation, under some circumstances, may be estopped by acts of its governing officials, a distinction is clearly drawn between those acts which are ultra vires and those which are an irregular exercise of a granted power. In *City of Summerville v. Georgia Power Co.,* 205 Ga. 843 (2), supra, it was said: "A municipal corporation may be estopped, as right and justice may require, *where the act or contract relied on to create the estoppel was within the charter powers of the corporation,* although the method of exercising the power was irregular." (Emphasis supplied.)

*Code* § 89-903 provides: "Powers of all public officers are defined by law, and all persons must take notice thereof. The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." In *Laing v. Mayor &c. of Americus,* 86 Ga. 756, 758 (13 SE 107), it was said: "In dealing with public agents, every person must take notice of the extent of their powers at his peril; . . ." See also: *Macon Consolidated St. R. Co. v. Mayor &c. of Macon,* 112 Ga. 782 (38 SE 60); *Southern Exp. Co. v. B. R. Electric Co.,* 126 Ga. 472 (55 SE 254); *Mayor &c. of Savannah v. Markowitz,* 155 Ga. 870 (118 SE 558).

The City Council of Calhoun had no right to waive the requirements of *Code Ann.* § 69-308 that written notice must be given a municipal corporation of any claim for money damages against it, within six months of the happening of the event upon which the claim is predicated, and the City of Calhoun could not be estopped by representations of the City Council made to the plaintiff in the present case.

It was error for the Court of Appeals to reverse the judgment of the trial judge dismissing the petition.

*Judgment reversed. All the Justices concur, except Nichols, J., disqualified.*