## 43630. ALLEN v. CITY OF MACON.

DEEN, Judge. No action for damages may be filed against a municipality unless written notice complying with the requirements of *Code Ann.* § 69-308 is first presented to the governing body within six months of the happening of the event

upon which the claim is predicated. Written notice to the mayor will not suffice. *City of Tallapoosa v. Brock,* 138 Ga. 622 (75 SE 644). Oral notice to the mayor and city manager, together with written notice to the municipality which was five days late, will not suffice. *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451). Oral notices followed by actual appearance before the mayor and council of the city in official session as its governing body, and their assurances of indemnification, will not suffice and cannot create an estoppel because these officials "had no right to waive the requirements of *Code Ann.* § 69-308 that written notice must be given a municipal corporation of any claim for the money damages against it, within six months of the happening of the event upon which the claim is predicated." *City of Calhoun v. Holland,* 222 Ga. 817, 819 (152 SE2d 752).

In the present case the petition alleges that the plaintiff was injured through the negligence of an employee at the city hospital; that the city carried liability insurance; that written notice was given the claims manager of the insurer by plaintiff's attorney, who was advised that the company was investigating and they would try to work the matter out, and that an adjuster called on the plaintiff and made a written report. Oral notice was also given to hospital authorities. None of this amounts to written notice presenting the claim to the governing authority of the municipality, a condition precedent to this action.

The trial court did not err in dismissing the petition.

*Judgment affirmed. Pannell, J., concurs. Jordan, P. J., concurs specially.*

ARGUED MAY 8, 1968—DECIDED JUNE 10, 1968—
REHEARING DENIED JUNE 26, 1968—

*Robert F. Higgins, L. Z. Dozier,* for appellant.

*Harris, Russell & Watkins, Joseph H. Davis,* for appellee.

JORDAN, Presiding Judge, concurring specially. I concur in the judgment solely because this court is bound by the strict application of *Code Ann.* § 69-308 as exemplified by *City of Calhoun v. Holland,* 222 Ga. 817 (152 SE2d 752), reversing *Holland v. City of Calhoun,* 114 Ga. App. 51 (150 SE2d 155). As pointed out by Judge Deen in *Holland,* the purpose of the ante

90

litem notice is simply to give the city an opportunity to investigate and adjust a claim, if it prefers, prior to suit. The defendant here had ample notice of the claim and it had been referred to its insurance carrier who under the terms of the policy had been delegated the power and authority to adjust and settle claims against the city within the limits of the policy. Negotiations and attempts to adjust the claim were made well within the 6-month period following the injury. Under all the allegations of this petition, if proved, the doctrine of equitable estoppel should have been applied against the defendant.