### 43865. CITY OF ATLANTA v. FULLER.

DEEN, Judge. Myrtle Fuller sued the City of Atlanta and Strickland, driver of a truck of the city water department, for injuries allegedly sustained when the truck driven by Strickland collided with an automobile in which she was a passenger. Thereafter the plaintiff by amendment set up the ante litem notice to the municipality which reads as follows: "City of Atlanta, Department of Law, Atlanta 3, Ga. Attention: Mr. R. A. Harris, Attorney. Re: Mrs. C. L. (Myrtle) Fuller v. City of Atlanta (Atlanta Water Works.) Dear Sirs: Please be advised that Mr. and Mrs. Fuller have employed me to represent them in connection with their claims against the City of Atlanta for injuries received by Mrs. Fuller April 12, 1963, on Spring Street as the result of a collision between an automobile operated by Mrs. Ann Dowdy and a Water Works vehicle. Mrs. Fuller is presently in a very serious situation and there is no possibility of settlement of her claim until a reasonable medical prognosis in her case can be made. I will be pleased to furnish you any information you may require in connection with this matter and will submit Mrs. Fuller to a doctor of your selection for examination when and if you wish such examination." Defendant's motion for judgment on the pleadings (all grounds of which are directed to the sufficiency of notice) was overruled. The questions raised by the appeal are:

(a) Where the original petition failed to set out that notice as required by *Code Ann.* § 69-308 has been given the municipality, may this fact be added by amendment? *Code Ann.* § 81A-115 provides in part: "(a) Except as otherwise provided, a party may amend his pleading as a matter of course at any time . . . (c) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to

be set forth in the original pleading, the amendment relates back to the date of the original pleading." Whatever may have been the former rule (see *Hooper v. City of Atlanta,* 26 Ga. App. 221 (3) (105 SE 723)), there is now no procedural inhibition against allowing the ante litem notice to be added by amendment.

(b) Was the notice sufficient? Under *Code Ann.* § 69-308 it must state "the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same." It is contended that the negligence of the city is not substantially set forth and that the notice therefore fails of its purpose. In its last construction of this part of the statute the Supreme Court, reversing the Court of Appeals in *Aldred v. City of Summerville,* 215 Ga. 651, 655 (113 SE2d 108), held that this court erred in failing to follow a lengthy line of cases including *Olmstead v. Mayor &c. of Savannah,* 57 Ga. App. 815 (196 SE 923), "wherein it was held that it is only necessary that the instrumentality causing the injury be so set out that the city is put on such notice that it can investigate the claim, and determine whether it prefers to adjust the claim without suit or to contest its validity in the courts." In *Aldred* the notice stated only that the plaintiff was injured while riding in a car "being driven over a manhole located in approximately the middle of the street." The notice here states that the plaintiff was injured "as the result of a collision between an automobile operated by Mrs. Ann Dowdy and a Water Works vehicle." In both cases the time and place of injury is alleged. The letter contained sufficient data to enable the municipality to examine into the facts of the case, and was a substantial compliance. *City of Sandersville v. Stanley,* 10 Ga. App. 360 (2) (73 SE 535); *Mayor &c. of Waynesboro v. Hargrove,* 111 Ga. App. 26 (140 SE2d 286).

(c) Was the notice sent to a proper party? In *Allen v. City of Macon,* 118 Ga. App. 88 (162 SE2d 783), we held that notice to a claims manager of the defendant's insurer was insufficient. Notice directed to and served on the mayor was held insufficient in *City of Tallapoosa v. Brock,* 138 Ga. 622 (75 SE 644). In *City of Calhoun v. Holland,* 222 Ga. 817, 819 (152 SE2d 752) it was stated that written notice must be given a municipal corporation, and the governing authority thereof has no right to waive such notice. Here the notice

was given to the corporation, the City of Atlanta, and was mailed to it at the address of its legal department, which constitutes a substantial compliance with the law.

The trial court properly denied the motion for judgment on the pleadings.

*Judgment affirmed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

ARGUED SEPTEMBER 9, 1968—DECIDED OCTOBER 8, 1968— REHEARING DENIED OCTOBER 29, 1968—

*Henry L. Bowden, Martin McFarland,* for appellant.

*Rich, Bass, Kidd & Broome, C. Richard Avery, R. Hopkins Kidd,* for appellee.

PANNELL, Judge, concurring specially.   I agree with the result reached by the majority opinion, but cannot agree that this result can properly be reached based solely on construction of the quoted provisions of Section 15(a) of the Civil Practice Act of 1966 (Ga. L 1966, pp. 609, 627; *Code Ann.* § 81A-115). Section 15(a) makes no drastic change in the right of amendment which existed prior thereto except that now it is not generally necessary to secure the approval of the trial judge in order for the filing of the amendment to become valid.   Section (c) also comports with the prior law.   Section (b) restricts the right of amendment.   The decision in *Hooper v. City of Atlanta,* 26 Ga. App. 221 (105 SE 723) held that because of the failure of the petition in a suit against a municipality to allege compliance with the notice required by *Code Ann.* § 69-308 it did not contain sufficient allegations in the original pleadings "to amend by" as no valid cause of action was set forth in the original declaration.   In my opinion Section 8 of the Civil Practice Act of 1966 (Ga. L. 1966, pp. 609, 619; *Code Ann.* § 81A-108 (a)) is controlling here because under that section it is no longer necessary that a petition contain such a sufficient framework of a cause of action before it is amendable; in other words, the rule that there must be enough in the pleadings "to amend by" is no longer applicable by reason of the language of Section 8.

I also must disagree with the statement and the ruling which

reads as follows: "Here the notice was given to the corporation, the City of Atlanta, and was mailed to it at the address of its legal department, which constitutes a substantial compliance with the law." There is no allegation in the petition that the notice was mailed to the City of Atlanta at such an address. If it had so alleged, I would be constrained to dissent on the ground that notice to the legal department of a municipality is not notice to the governing authorities of the municipality, which latter is required by the statute. *Code Ann.* § 69-308. See also *Davis v. City of Rome,* 37 Ga. App. 762 (4) (142 SE 171); *City of Lafayette v. Rosser,* 53 Ga. App. 228 (185 SE 377); *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451); *City of Tallapoosa v. Brock,* 138 Ga. 622 (75 SE 644). However, the petition here alleges unequivocally that the "plaintiff notified the City of Atlanta" of her claim in writing and that a copy of this notice was attached. It is true that the notice attached was headed as follows: the first line "City of Atlanta," the second line "Department of Law," the third line "Atlanta 3, Georgia," and the fourth line "Attention: Mr. R. A. Harris, Attorney."

Nothing in the petition or exhibit contradicts the allegations that the *City of Atlanta* was properly given this notice so headed. The conclusion in the opinion that this notice was *mailed* to the address of the Law Department of the City of Atlanta, rather than to the governing authorities of the municipality, is unauthorized. I, therefore, concur in the judgment only.