## 44542.   CITY  OF  ATLANTA  v.  FRANK.

ARGUED MAY 29, 1969—DECIDED SEPTEMBER 5, 1969.

274

*Henry L. Bowden, Robert S. Wiggins, William R. Bassett,* for appellant.

*Arnall, Golden & Gregory, Cleburne E. Gregory, Jr., William R. Harp,* for appellee.

BELL, Presiding Judge. 1. The Supreme Court has said that *Code Ann.* § 69-308 requiring the ante litem notice "does not contemplate that the notice shall be drawn with all the technical niceties necessary in framing a declaration. The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The Act recognizes, by the use of the words 'as near as practicable,' that absolute exactness need not be had. A substantial compliance with the Act is all that is required." *Langley v. City of Augusta,* 118 Ga. 590, 600 (45 SE 486, 98 ASR 133); *Aldred v. City of Summerville,* 215 Ga. 651, 653 (113 SE2d 108); *City of Acworth v. McLain,* 99 Ga. App. 407 (108 SE2d 821); *City of Fairburn v. Clanton,* 102 Ga. App. 556 (117 SE2d 197).

The appellant relies mainly on two cases as supporting its view that the city was not properly notified, or was not estopped from contesting the validity of the notice by the actions of its officials. These cases are *City of Calhoun v. Holland,* 222 Ga. 817 (152 SE2d 752) and *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451). However, neither is controlling here. In *City of Calhoun,* supra (not a full-bench decision) the holding was two-fold: (1) the notice must be written and not oral; and (2) oral representations by public officers of a municipality are

insufficient (a) to waive a required written notice or (b) to estop the municipality unless the power to do so is expressly conferred on the public officers by law. *Holland* thus recognized that municipalities could be estopped by those expressly given that power. Similarly, *Peek* held that the individual acts of a city official will not create an estoppel or waiver where it is not shown that the official had the authority to do them.

2. Compliance with *Code Ann.* § 69-308 is a condition precedent to a suit against a municipality to recover for injuries to the person or property. This compliance must be alleged in the complaint or else it cannot state a cause of action. *Saunders v. City of Fitzgerald,* 113 Ga. 619 (38 SE 978); *Thompson v. City of Atlanta,* 219 Ga. 190 (132 SE2d 188). The giving of the notice is therefore a part of the trial process. Aside from pro se appearances, only duly qualified attorneys at law may represent clients in legal proceedings. An attorney at law, even if he be also a city attorney, acting for a client in a legal proceeding is not an "officer of the city" of the type referred to in *City of Calhoun* and *Peek,* supra. He is then an officer of the court, and all of the presumptions of that office attach to him. One of these presumptions is that where an attorney's authority is not inhibited by express restrictions the attorney's management and direction of his client's case is so broad, so far as the court and opposing parties are concerned, as to be plenary in nature. *Dean v. Jackson,* 219 Ga. 552 (134 SE2d 601). Acts of an attorney on behalf of a party cannot be questioned unless *wholly unauthorized* and then only if the aggrieved party is not guilty of unreasonable delay in acting to correct the improper acts after notice or knowledge of them. *Jackson v. Jackson,* 199 Ga. 716 (35 SE2d 258); *McCoy v. McSorley,* 119 Ga. App. 603 (2) (168 SE2d 202). In this case neither the pleadings nor the evidence reveals the slightest suggestion of restrictions on counsel for the city. From this the presumption arises that the city attorney had authority to act as he did. He therefore had authority to bind his client by the solemn acknowledgment to plaintiff after receipt of her letter that, after investigation, the conclusion had been reached that the city was not liable. This amounted to an acknowledgment that *Code Ann.* § 69-308

had been complied with and the ante litem notice was sufficient. This cleared the way for the filing of the complaint. The city is estopped to deny the validity of the notice.

3. We are asked to overrule *City of Atlanta v. Fuller*, 118 Ga. App. 563, supra. That case held that the requirement of *Code Ann.* § 69-308 that the ante litem notice be in writing addressed to the governing authority of the municipality is substantially complied with when the written notice is addressed to the municipality. The Supreme Court denied certiorari in that case (118 Ga. App. 866) and we decline to overrule it now.

The judgment denying appellant's motion for judgment on the pleadings and granting partial summary judgment for appellee is

*Affirmed. Eberhardt and Deen, JJ., concur.*