## 44671.   SCHAEFER v. MAYOR & COUNCIL OF THE CITY OF ATHENS.

EBERHARDT, Judge.   Carolyn Schaefer brought suit against the City of Athens, alleging that on November 6, 1967, she was injured when she fell on its defective sidewalk, later amending and alleging an additional injury occurring when on March 15, 1968, she developed asceptic necrosis of the left femoral head and that this resulted from the defendant's negligence in maintaining its sidewalk and causing her fall.   She alleged that the city had been given ante litem notice as required by *Code Ann.* § 69-308.   Defendant answered, denying all allegations of negligence and that the ante litem notice required by law had been given.   On motion of the defendant the plaintiff was required to reply to its defensive pleadings, and in so doing plaintiff alleged that written notice of her claim was given to the city May 6, 1968, and further asserted that (a) May 5, 1968, was a Sunday, affording plaintiff an extra day for giving the notice, (b) that her injuries had mentally and physically incapacitated her from acting for herself and prosecuting her claim, during which time the statute requiring ante litem notice was tolled and extended, (c) the fact that she had suffered additional injury on March 15, 1968, extended the time for the giving of the notice, (d) the mayor and council of the city had actual knowledge of plaintiff's claim, for that it had been referred to an insurance company with which the city carried liability insurance and through its investigators the facts had been ascertained, and (e) that by referring the matter to its insurance company the city had actively undertaken an adjustment of the claim by an offer of settlement made by the company, thus waiving any defect in the ante litem notice.

On motion of the defendant the allegations of (a), (c), (d) and (e) were stricken as being impertinent, immaterial, irrelevant and setting out no justification for failure to give the ante litem notice in the manner required by the statute.   The trial judge certified for review the order striking these portions of the plaintiff's pleading and plaintiff appeals.   *Held:*

1. The requirement of ante litem notice in *Code Ann.* § 69-308 is a statute of limitation.   *City of Atlanta v. Barrett,* 102 Ga. App. 469 (116 SE2d 654).   Giving of the notice in the manner and within the time required by the statute is a condition

precedent to the maintenance of a suit on the claim. *Saunders v. City of Fitzgerald*, 113 Ga. 619 (38 SE 978); *City of Rome v. Rigdon*, 192 Ga. 742, 745 (16 SE2d 902); *Newton v. City of Moultrie*, 37 Ga. App. 631 (141 SE 322).

2. The time within which the notice must be given in order to comply with the statute begins to run on the day the breach of the city's duty occurred. *Silvertooth v. Shallenberger*, 49 Ga. App. 133 (174 SE 365); *Dowling v. Lester*, 74 Ga. App. 290 (39 SE2d 576); *Davis v. Hill*, 113 Ga. App. 280 (147 SE2d 868); *Crawford v. Gaulden*, 33 Ga. 173 (8); *Lilly v. Boyd*, 72 Ga. 83; *Gould v. Palmer & Read*, 96 Ga. 798 (22 SE 583).

3. That the statutory six-months period for the giving of the notice ended on a Sunday did not extend the time to the Monday following. *McLendon v. State*, 14 Ga. App. 274 (80 SE 692); *Brown v. Emerson Brick Co.*, 15 Ga. App. 332, 333 (83 SE 160); *Davis v. Hill*, 113 Ga. App. 280 (2), supra; *Curtis v. College Park Lbr. Co.*, 145 Ga. 601, 602 (89 SE 680); *Texas Co. v. Davis*, 157 Ga. 538 (122 SE 62). The period is measured in *months*—not days.

4. That plaintiff discovered on March 15, 1968, that she then suffered additional injury from her fall on November 6, 1967, did not toll or extend the time for giving the requisite ante litem notice. *Crawford v. Gaulden*, 33 Ga. 173 (3); *Lilly v. Boyd*, 72 Ga. 83; *Gould v. Palmer & Read*, 96 Ga. 798, supra; *Silvertooth v. Shallenberger*, 49 Ga. App. 133, supra; *Dowling v. Lester*, 74 Ga. App. 290, supra; *Brewer v. Southern Gas Corp.*, 90 Ga. App. 81 (82 SE2d 171).

5. *Code Ann.* § 81A-106 (a) provides for the computations of time applicable to proceedings *after commencement of the action*. It does not apply in determining the time within which an action may be instituted, or when it may be barred by a statute of limitation. *Davis v. U. S. Fidel. &c. Co.*, 119 Ga. App. 374 (167 SE2d 214), and citations. Consequently, it does not come to the aid of plaintiff in the giving of the requisite notice a day late, though the last day of the six months period fell on Sunday.

6. That the city governing authorities may have had knowledge of the fact that plaintiff had a claim which she expected to assert against the city, either from communications which do not meet the requisites of written notice under *Code Ann.* § 69-308 (*City of Calhoun v. Holland*, 222 Ga. 817

(152 SE2d 752); *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451); *Allen v. City of Macon,* 118 Ga. App. 88 (162 SE2d 783)), or from a reference of the claim to an insurance carrier which undertook an investigation and settlement, can not work a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it. *Allen v. City of Macon,* supra.

7. Since the allegations that the matter was referred to a liability insurance carrier for investigation and settlement were insufficient to show waiver or any basis for estoppel, they are improper in the pleadings of a tort action because they are irrelevant to the issue and were properly stricken on motion.[1] *Perkins v. Publix Theatres Corp.,* 47 Ga. App. 641 (7) (171 SE 147); *McRee v. Atlanta Paper Co.,* 84 Ga. App. 181 (65 SE2d 832); *Rodgers v. Styles,* 100 Ga. App. 124 (3) (110 SE2d 582); *Shapiro Packing Co. v. Landrum,* 109 Ga. App. 519, 521 (136 SE2d 446); *Landrum v. McGehee,* 116 Ga. App. 507 (2) (157 SE2d 830). And compare *Code Ann.* § 56-2437; *Shaw v. Miller,* 215 Ga. 413, 414 (110 SE2d 759); *Ray Clanton's East Ga. Motors v. Conaway,* 100 Ga. App. 650 (112 SE2d 218); *Shook v. Southern R. Co.,* 101 Ga. App. 128 (113 SE2d 155); *Stuart v. Berry,* 107 Ga. App. 531 (130 SE2d 838). It is proper under the Federal Rules, hence under CPA, to strike irrelevant, immaterial and impertinent

---

[1] For exceptions to this general rule, see *Morehouse College v. Russell,* 219 Ga. 717 (2) (135 SE2d 432); *Cox v. DeJarnette,* 104 Ga. App. 664 (123 SE2d 16); *Lamb v. Redemptorist Fathers of Ga.,* 111 Ga. App. 491 (142 SE2d 278); *Y. M. C. A. v. Bailey,* 112 Ga. App. 684 (146 SE2d 324). And compare *Code Ann.* § 68-612, construed to permit direct action in *Harper Motor Lines v. Roling,* 218 Ga. 812 (1) (130 SE2d 817), though this does not apply to suits against a political subdivision which has obtained liability insurance pursuant to *Code Ann.* § 32-429 (*Cotton States Mut. Ins. Co. v. Keefe,* 215 Ga. 830 (113 SE2d 774)), or under *Code Ann.* § 56-2437 which establishes a public policy against it by specifically prohibiting reference to insurance in the pleadings. And see *Arnold v. Walton,* 205 Ga. 606 (2) (54 SE2d 424), asserting that "In the absence of a statutory provision to the contrary, a joint action against a tortfeasor and the tortfeasor's insurance carrier, for the purpose of 'fixing the liability' of the insurance carrier, is not maintainable."

matter in a pleading. Griffin v. Griffin, 327 U. S. 220 (66 SC 556, 90 LE 635) ; Burke v. Mesta Machine Co., 5 FRD 134; Mottaghi-Iravani v. International Commodities Corp., 20 FRD 37; Skolnick v. Hallett, 350 F2d 861. One test as to whether matter in a pleading is irrelevant, immaterial or impertinent is whether evidence in support of it would be admissible. Schenley Distillers Corp. v. Renken, 34 FSupp. 678. It is well settled in this State that evidence relative to the existence of liability insurance or of negotiations which a company adjuster may have had with the injured party relative to a possible settlement of his claim is not admissible on a trial of the action. *Code* § 38-201; Green, Georgia Law of Evidence, p. 180, § 73; *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577, 578 (36 SE 59) ; *General Supply Co. v. Toccoa Plumbing Co.,* 138 Ga. 219 (75 SE 135) ; *Sims v. Martin,* 33 Ga. App. 486 (2) (126 SE 872) ; *Heinz v. Backus,* 34 Ga. App. 203 (2) (128 SE 915) ; *Decatur Chevrolet Co. v. White,* 51 Ga. App. 362 (180 SE 377) ; *Minnick v. Jackson,* 64 Ga. App. 554 (2) (13 SE2d 891) ; *Huell v. Southeastern Stages,* 78 Ga. App. 311 (7) (50 SE2d 745) ; *Wood v. Venable,* 83 Ga. App. 498 (64 SE2d 387) ; *McRee v. Atlanta Paper Co.,* 84 Ga. App. 181, 183, supra; *Harper Warehouse v. Henry Chanin Corp.,* 102 Ga. App. 489, 493 (116 SE2d 641) ; *Patillo v. Thompson,* 106 Ga. App. 808 (1) (128 SE2d 656) ; *Partridge v. Lee,* 116 Ga. App. 800 (1) (159 SE2d 113) ; and particularly *Jones v. Hall,* 57 Ga. App. 477 (3) (195 SE 879), and *Duncan v. Bailey,* 162 Ga. 457 (1, 2) (134 SE 87) ; *Hoard v. Maddox,* 202 Ga. 274 (4) (42 SE2d 744).

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*
ARGUED SEPTEMBER 2, 1969—DECIDED SEPTEMBER 12, 1969.

*William T. Gerard,* for appellant.
*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellee.