## 59854. HICKS et al. v. CITY OF ATLANTA.

QUILLIAN, Presiding Judge.
Plaintiffs brought an action seeking to recover from the City of Atlanta for its negligence in allowing excessive water pressure to damage the property of the plaintiffs. The City of Atlanta answered, denying the material allegations of the complaint and by amendment asserted that the plaintiffs had failed to comply with Code Ann. § 69-308 (Code § 69-308, as amended through Ga. L. 1956, pp. 183, 184) regarding ante litem notice. The defendant City of Atlanta contended that "notice was not addressed to the governing authority of the municipality."

The case came on for trial at which the defendant moved to dismiss the complaint for failure to provide the notice pursuant to Code Ann. § 69-308. After a hearing the trial judge granted the defendant's motion and plaintiffs appealed from this order. *Held:*

According to the allegations of the complaint the damages were sustained during the period of May 31, 1977 to June 2, 1977. On June 10, 1977, notice was sent to the following address: "Department of Environment & Streets (Water Bureau), City of Atlanta, 68 Mitchell Street, S. W., Atlanta, Georgia."

Code Ann. § 69-308 provides in part "No person, firm or corporation, having a claim for money damages against any

municipal corporation on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as nearly as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority for adjustment." This statute is in derogation of the common law and must be strictly construed against the municipality. *Maryon v. City of Atlanta,* 149 Ga. 35, 36 (99 SE 116); *City of Rome v. Stone,* 46 Ga. App. 259 (1a) (167 SE 325). "It has been held many times that a substantial compliance with this section is all that is necessary, the purpose of the notice requirement being to apprize the city of the claim in order that it may determine whether or not to adjust the claim without suit." *Taylor v. King,* 104 Ga. App. 589, 591 (122 SE2d 265). In *Chiles v. City of Smyrna,* 146 Ga. App. 260, 263 (246 SE2d 117), this court observed: "In order for notice to be in compliance with § 69-308, it must be addressed to and received by the municipality or one of its departments or officials." The address of the notice in this case was in substantial compliance with the law. *City of Atlanta v. Fuller,* 118 Ga. App. 563 (164 SE2d 364); *City of Atlanta v. Frank,* 120 Ga. App. 273 (170 SE2d 265).

The original notice in this case was buttressed by two additional letters addressed to the City Attorney supplying additional facts upon which the claim was based. Considered in toto notice of the claim was given within the meaning of Code Ann. § 69-308. Compare *Chiles v. City of Smyrna,* 146 Ga. App. 260, 261, supra. It was therefore error to dismiss the complaint.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED MAY 12, 1980 — DECIDED JUNE 10, 1980 —

*Samuel N. Werbin,* for appellants.
*Irmina R. Owens, Ferrin Y. Mathews,* for appellee.