63310. TANNER v. CITY OF GAINESVILLE.

SHULMAN, Presiding Judge.

On August 15, 1976, a wind storm blew through Gainesville causing one wall of a partially demolished building to topple, scattering debris into the street. Both a police officer and the city engineer were called to the scene, where they saw the unsupported erect west wall of the building swaying in the wind. The city engineer asked the operator of a front-end loader (at the scene in order to clear the debris from the already fallen wall) to apply pressure to the exterior of the swaying wall, thereby causing it to fall within the building. This action was taken without the knowledge or permission of appellant, the owner of the building, and he subsequently sought reimbursement from the city for the damage he allegedly sustained. Summary judgment was granted the city on the grounds that appellant failed to give the appropriate ante litem notice required by Code Ann. § 69-308; that the actions taken by the city were an exercise of its police powers and were the result of an emergency; and that the city was not liable for negligence when the action complained

of was taken in order to abate a nuisance. In his appeal to this court, appellant takes issue with all three grounds on which the grant of summary judgment to the city is based.

1. Appellant maintains that the trial court erred when it held as a matter of law that appellant had failed to comply with Code Ann. § 69-308, which requires, as a prerequisite to the commencement of a lawsuit against a municipal corporation for money damages based on injury to person or property, that written notice of the claim be presented to the governing authority of the city within six months of the happening of the event upon which the claim is predicated.

Through an affidavit filed in support of the city's motion for summary judgment, the city manager stated that he first received notice of appellant's claim against the city on October 3, 1977, over one year after the demolition of the wall. He further stated that all city personnel are instructed to forward any notice of a claim to his office and that a review of the city's records of claims made against it since August 15, 1976, reveals no notice of a claim by appellant prior to October 3, 1977.

Attached to appellant's affidavit filed in response to appellee's motion for summary judgment is a copy of a letter dated September 6, 1976, addressed to "Mayor's Office, City of Gainesville, Gainesville, Ga. 30501." In his affidavit, appellant swore that the letter was placed in an envelope bearing the same address and sufficient postage, and deposited in the mail on September 6, 1976. We must agree with appellant that his affidavit with the above-described exhibit raises a factual issue as to whether appellant sent sufficient notice of his claim to a proper city official within the six-month period immediately subsequent to the August 15 incident.

Code Ann. § 69-308 "is in derogation of common right, and should be strictly construed as against the municipality." *Maryon v. City of Atlanta,* 149 Ga. 35, 36 (99 SE 116); *Hicks v. City of Atlanta,* 154 Ga. App. 809, 810 (270 SE2d 58). "In order for notice to be in compliance with § 69-308, it must be addressed to and received by the municipality or one of its departments or officials." *Chiles v. City of Smyrna,* 146 Ga. App. 260, 263 (246 SE2d 117). The address of the notice was in "substantial compliance" with the statute. *Mitchell v. City of St. Marys,* 155 Ga. App. 642 (1) (271 SE2d 895); *Washington v. City of Columbus,* 136 Ga. App. 682 (5a) (222 SE2d 583); *Hicks v. City of Atlanta,* supra. See also *City of LaFayette v. Rosser,* 53 Ga. App. 228 (3) (185 SE 377). The notice, as addressed, was sufficient, especially in light of the fact that the Gainesville mayor is a member of the city's governing body, the Board of Commissioners. See *Peek v. City of Albany,* 101 Ga. App. 564 (114 SE2d 451); Ga. L. 1922, p. 834, §§ 2, 3, 14.

2. Appellee cites *City of Tallapoosa v. Brock,* 138 Ga. 622 (75 SE 644); *City of Atlanta v. Fuller,* 118 Ga. App. 563 (164 SE2d 364); and *Jones v. City Council of Augusta,* 100 Ga. App. 268 (110 SE2d 691), in support of the proposition that "the mere mailing to the Mayor of such a notice is not sufficient." In *City of Tallapoosa,* supra, Division 2, the Supreme Court held that a petition directed to and served on the mayor, which "merely notified him that the injured person would file suit against the city for the injury . . . [was] a notice merely of an intention to sue the city, directed to the mayor, [and] was not such a presentation of the claim or demand to the governing authorities for adjustment as to meet the requirements of the statute." This court has cited this portion of *City of Tallapoosa* for two different legal theories: that mere notice of an injury coupled with an announcement of an intent to file suit against the city for the injury does not constitute a presentation of the claim or demand as required by Code Ann. § 69-308 (*Jones v. City Council of Augusta,* supra, Division 3), and that written notice of a claim to the mayor is not sufficient. *Allen v. City of Macon,* 118 Ga. App. 88, 89 (162 SE2d 783); *Lewis v. City of Moultrie,* 31 Ga. App. 712 (4) (121 SE 843). In light of the trend we perceive emerging from the courts of this state toward substantial compliance with Code Ann. § 69-308 insofar as the recipient of the notice of claim is concerned (see, e.g., *Mitchell v. City of St. Marys,* supra; *Hicks v. City of Atlanta,* supra; *Washington v. City of Columbus,* supra; *City of Atlanta v. Fuller,* supra; and *Davis v. City of Rome,* 37 Ga. App. 762 (4) (142 SE 171)), we adopt the interpretation of *City of Tallapoosa* as set forth in *Jones* and Judge R. C. Bell's dissent in *Lewis,* and overrule that language in *Lewis v. City of Moultrie* and *Allen v. City of Macon* which intimates or holds that notice served on the mayor is insufficient. We find it unnecessary to overrule *City of Atlanta v. Fuller,* since the citation there to *City of Tallapoosa* is mere dicta. Hence, we conclude that ante litem notice addressed to and received by the mayor is sufficient compliance with § 69-308.

3. Appellee maintains that, even if it is assumed that the mailing of the notice to the mayor was sufficient, the content of the notice sent was insufficient as a matter of law. The letter allegedly sent by appellant reads as follows: "This is to confirm my telephone conversation with Mr. Moore on August 27, 1976 as to who was responsible for the decision to tear down the west wall of the old Jim Wilson Chevrolet building, which was left standing after the storm struck on Sunday August 15, 1976. As soon as replacement items can be located so that prices can be established, a bill will be rendered for the damages done to the materials that were being salvaged."

Code Ann. § 69-308 requires that the written claim to the

municipality for adjustment must state, "as nearly as practicable," the time, place, and extent of the injury, as well as the negligence which caused the injury. "The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes by the use of the words 'as near as practicable,' that absolute exactness need not be had. A substantial compliance with the act is all that is required." *Langley v. City Council of Augusta,* 118 Ga. 590, 600 (45 SE 486). See *Aldred v. City of Summerville,* 215 Ga. 651 (113 SE2d 108); *Columbus, Ga. v. Preston,* 155 Ga. App. 379 (1) (270 SE2d 909). Inasmuch as "the purpose of the notice requirement [is] to apprize the city of the claim in order that it may determine whether or not to adjust the claim without suit" (*Taylor v. King,* 104 Ga. App. 589, 591 (122 SE2d 265)), the ante litem notice allegedly sent by appellant was sufficient. Inclusion of a monetary amount was not necessary. *Maryon v. City of Atlanta,* supra.

4. The letter allegedly sent to the mayor having been in "substantial compliance" with the ante litem notice statute, there remains the factual issue of whether or not the city received the notice. The city maintains that a search of its files revealed no notice of claim from appellant prior to October 1977. Appellant, on the other hand, asserts that he placed the timely ante litem notice discussed above in a properly addressed envelope, affixed the proper postage thereto, and placed it in the mails. "This direct proof creates a presumption that the letter [was] received. [Cit.] The presumption may be rebutted by direct and positive testimony that the letter was not received. [Cit.] [Appellee's] affidavits . . . present only circumstantial, not 'direct and positive,' evidence that the letter was not received by the [city]. The presumption of receipt was not rebutted as a matter of law, leaving a question for determination by the trier of fact." *Sturdivant v. Allstate Ins. Co.,* 143 Ga. App. 19 (2) (237 SE2d 408). After this somewhat exhaustive analysis, we conclude that the trial court erred in basing a grant of summary judgment to the city on the ground that appellant had not complied with Code Ann. § 69-308.

5. Such an error would be harmless if the city was entitled to summary judgment on either of the other grounds enunciated by the trial court, i.e., that the action taken by the city was an exercise of its police powers in the face of an emergency or that the action complained of was followed in an effort to abate a nuisance. We have concluded that summary judgment for the city based on either of these grounds was improper, and we therefore reverse the judgment

of the trial court.

If "the property itself is a nuisance endangering the public health or safety . . . it may be destroyed by such municipal authorities, without paying the owner its value, if the charter of the city confers upon them the power to abate such nuisances; but even then, unless the property is first condemned as a nuisance by appropriate proceedings, its destruction will be at the peril of the municipal authorities, and when sued for its value, the burden is on them of showing that it was in fact a nuisance, and that its destruction was really necessary to the public health or safety. In cases of emergency, the destruction may properly be ordered without a preliminary condemnation, but the municipal authorities will in that event carry the same burden." *Mayor &c. of Savannah v. Mulligan,* 95 Ga. 323, hn. 1 (22 SE 621).

In his affidavit, the city engineer stated that he asked the bulldozer operator to apply pressure to the swaying wall because he believed that the wall was going to fall imminently and he feared that an uncontrolled fall was likely to result in harm to people and neighboring property. The policeman at the scene expressed the same fear in an affidavit he executed. It is likely that such a fear would constitute an emergency.

However, in response to appellee's motion for summary judgment, appellant filed an affidavit in which he averred that the wall destroyed by the city was 20 feet high and situated 75 feet from the adjacent street. He reasons that, due to the distances involved, the swaying wall would have posed no danger to neighboring property or non-trespassers even if it had fallen toward the street. Thus, appellant's affidavit raises a factual issue as to whether an emergency or a nuisance (the endangerment of people and the property of others) did, in fact, exist. Appellee not having carried its burden of showing that the property condemned was in fact a nuisance and that its destruction was necessary to the public health and safety, summary judgment was erroneously granted to the city.

*Judgment reversed. Quillian, C. J., Deen, P. J., McMurray, P. J., Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED APRIL 28, 1982 —
REHEARING DENIED MAY 24, 1982.

*Edmund A. Waller,* for appellant.
*John H. Smith, Steven P. Gilliam,* for appellee.