A93A2258. MAXWELL v. CITY OF CHAMBLEE et al.
(441 SE2d 257)

McMURRAY, Presiding Judge.

Donald C. Maxwell filed an action against Bergen-Hudson Construction, Inc. ("Bergen-Hudson"), the City of Chamblee ("the city") and the city's mayor and city council, individually and in their official capacities, alleging that the city unlawfully granted variances for nonconforming use of property near his land; that the illegal variances resulted in land use which changed the flow of water over his property and that effusion of water over his land results in flooding, soil erosion and damage to structures on his property.[1] The city and its officials denied the material allegations of the complaint and moved for summary judgment based, in pertinent part, on expiration of the four-year statute of limitation set out in OCGA § 9-3-30 and on lack of ante litem notice to the city as required by OCGA § 36-33-5 (b).

The trial court denied summary judgment based on expiration of the statute of limitation, finding that genuine issues of material fact remain regarding the city's liability for continuing trespass and that "the statute of limitations bars only those trespasses or nuisances which occurred more than four years prior to the filing of the complaint. *Rowe v. Steve Allen & Assoc., Inc.,* 197 Ga. App. 452[, 453 (398 SE2d 717)]." However, the trial court granted summary judgment to the city because Maxwell failed to provide ante litem notice as required by OCGA § 36-33-5 (b). This direct appeal followed.

---

its terms applicable only to arrests made on and after July 1, 1992. Ga. L. 1992, pp. 1808, 1810.

[1] Maxwell specifically alleges that in 1986, the city's mayor, Johnson W. Brown, conveyed land to Bergen-Hudson for development of a residential subdivision known as Harts Place; that Brown and members of the city council granted variances for nonconforming use of lots in Harts Place between August 8, 1986, and November 10, 1989, without providing public notice that application for said variances had been made; that Brown now resides in Harts Place; that Brown's personal desire for the development of Harts Place conflicts with his duties as mayor of the city and that Brown's unscrupulous conduct in effecting the development of Harts Place is a direct cause of his injuries.

*Held*:

1. Maxwell contends the trial court erred in granting the city's motion for summary judgment, arguing that he provided the city with notice of his claim during city council meetings and that his complaints were recorded in the official minutes of the city council.

"The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim. *Schaefer v. Mayor & Council of the City of Athens*, 120 Ga. App. 301 (1) (170 SE2d 339) (1969). 'Formal, written notice is required . . .' *Cobb v. Bd. of Commissioners &c. of Tift County*, 151 Ga. App. 472, 473 (260 SE2d 496) (1979). See also *City of Calhoun v. Holland*, 222 Ga. 817 (152 SE2d 752) (1966)." *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287). "Oral notices followed by actual appearance before the mayor and council of the city in official session as its governing body, and their assurances of indemnification, will not suffice and cannot create an estoppel because these officials 'had no right to waive the requirements of Code Ann. § 69-308 [now OCGA § 36-33-5] that written notice must be given a municipal corporation of any claim for the money damages against it, within six months of the happening of the event upon which the claim is predicated.' *City of Calhoun v. Holland*, 222 Ga. 817, 819 (152 SE2d 752)." *Allen v. City of Macon*, 118 Ga. App. 88, 89 (162 SE2d 783).

In the case sub judice, there is evidence that Maxwell presented his claim to the mayor and city council before he filed the case sub judice; that the city investigated harmful drainage onto Maxwell's property and that a city engineer submitted plans to the mayor and city council for resolving the drainage problems over Maxwell's property. However, there is no evidence that Maxwell provided written notice of his claim as is required by OCGA § 36-33-5 before filing suit. Nevertheless, this does not mean that the trial court properly granted summary judgment in favor of the city as to Maxwell's claim in its entirety.

"Notice given within six months from the expiration of the four-year period during which a nuisance continuously caused damages to plaintiff's property is within the time prescribed and complies with Code Ann. § 69-308 [now OCGA § 36-33-5]. *Vickers v. City of Fitzgerald*, 216 Ga. 476, 483 (5) (117 SE2d 316)." *City of Gainesville v. Moss*, 108 Ga. App. 713 (2) (134 SE2d 547). In the case sub judice, the trial court found that genuine issues of material fact remain regarding the city's liability for continuing trespass. Consequently, summary judgment was proper "only [as to] those trespasses or nuisances which occurred more than four years prior to the filing of the complaint. *Rowe v. Steve Allen & Assoc., Inc.*, 197 Ga. App. 452[, 453, supra]." It follows that any claim Maxwell may have based on dam-

ages sustained within less than four years of any continuing trespass or nuisance is a matter of abatement and is not subject to substantive adjudication. Any such claim is, at best, subject to dismissal pursuant to OCGA § 9-11-12 (b) (6).

The judgment of the trial court is affirmed in part and reversed in part and the case is remanded for entry of judgment consistent with this opinion.

2. The city's motion for damages for frivolous appeal pursuant to Court of Appeals Rule 26 (b) is hereby denied.

*Judgment affirmed in part and reversed in part and case remanded. Motion for damages for frivolous appeal denied. Johnson, J., concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur with the majority opinion that summary judgment for the city was proper as to the nuisances that occurred more than four years before the complaint was filed, and that any claim for a more recent nuisance was subject to dismissal in this case rather than summary adjudication.

With regard to a claim for continuing nuisance not barred by the statute of limitation, "[a]lthough the trial court was correct in concluding that appellant had not complied with the ante litem notice requirements [of OCGA § 36-33-5], the judgment was incorrect insofar as it was styled as the grant of a summary judgment rather than as the grant of a motion to dismiss." *Jones v. City of Austell*, 166 Ga. App. 808, 810 (305 SE2d 653) (1983). Compliance with OCGA § 36-33-5 is a condition precedent to filing suit against the city, and the failure to satisfy that condition is properly raised as a plea in abatement, not as a subject for summary judgment. Id.

In such cases, the appropriate action is dismissal, with the dismissal not operating as a bar to filing another suit. Id. Accordingly, although the trial court's grant of summary judgment should be upheld for the nuisance that occurred more than four years before commencement of the action, the trial court's judgment otherwise must be reversed and the case remanded for further action consistent with the above.

DECIDED FEBRUARY 2, 1994 —
RECONSIDERATION DENIED FEBRUARY 18, 1994 —

*Richardson & Chenggis, George G. Chenggis*, for appellant.
*Sullivan, Hall, Booth & Smith, Jeffrey T. Wise, Jenkins & Eells,*

*Kirk R. Fjelstul, Steven J. Misner*, for appellees.