37819. JONES, by Next Friend *v.* CITY COUNCIL
OF AUGUSTA.

TOWNSEND, Judge. 1. Code (Ann.) § 69-308 provides that as a condition prerequisite to filing an action against a municipality based on personal injury, the person "having a claim for money damages" must present the same in writing to the governing authority of the municipality "for adjustment" within six months of the happening of the event, "and no such suit shall be entertained by the courts against such municipality until the cause of action therein shall have been first presented to said governing authority for adjustment." "Claim" as used in the first sentence, and "demand for payment" as used in the last proviso of this section have the same meaning. *City of Rome* v. *Rigdon,* 192 *Ga.* 742 (2a) (16 S. E. 2d 902). The presentation of the claim for adjustment is a condition precedent to bringing the action. *Saunders* v. *City of Fitzgerald,* 113 *Ga.* 619 (38 S. E. 978).

2. One of the purposes of such written claim is to enable the governing authorities of the municipality, after investigation, to ascertain whether the claim should be adjusted by payment without suit. *City of Sandersville* v. *Stanley,* 10 *Ga. App.* 360 (2) (73 S. E. 535).

3. A mere notice of injury, although in writing, and announcing an intention to file suit, does not constitute a presentation of the claim or demand to the governing authorities of the

municipality for adjustment so as to meet the requirements of Code (Ann.) § 69-308. *City of Tallapoosa* v. *Brock*, 138 *Ga.* 622 (2) (75 S. E. 644).

4. The cause of action of the parents of a minor child for medical expenses and loss of services is separate and distinct from the cause of action of such minor for personal injury and pain and suffering. Cf. *Georgia R. &c. Co.* v. *Tice*, 124 *Ga.* 459 (1) (52 S. E. 916, 4 Ann. Cas. 200).

5. An action for damages for personal injuries against a municipality which fails to allege that the plaintiff's claim has been presented in writing to the municipality within six months of the occurrence of the injury is subject to general demurrer. *Grooms* v. *City of Hawkinsville*, 31 *Ga. App.* 424 (120 S. E. 807).

6. In the present action by a minor plaintiff against a municipality for personal injuries resulting from the alleged negligence of the defendant, the only claim presented for adjustment was the following: "In accordance with Section 69-308 of the Code of Georgia, I would like to inform you of the claim of Mr. and Mrs. Oliver Jones of 840 Liberty Street against the City Council of Augusta . . . Margaret the Jones' 7 year old daughter was injured [details set out] . . . As a result, Margaret's ankle had to be placed in a cast for three weeks. She was treated by Dr. Augustin S. Carswell, a practicing physician in Augusta. Her ankle is still weak and she has suffered greatly from such injury. Due to the aforesaid injury to their daughter Margaret, Mr. and Mrs. Jones have incurred medical and other expenses. They, therefore, respectfully request that they be reimbursed for these expenses in the amount of $300. I hope the Council will give this matter their thorough consideration, and will award Mr. and Mrs. Jones the amount they have requested. Unless I have heard from you within 30 days, I will proceed with suit." Such letter constitutes, under Code (Ann.) § 69-308, a presentation of a claim for adjustment of the cause of action of Mr. and Mrs. Jones accruing from the alleged injury to their daughter. It does not constitute a claim by or on behalf of the injured minor. The claim contained in the letter may, in fact, have been paid, and such payment would constitute no bar to the action of the minor for her personal injury. The purpose of the statute being to give the municipality as an arm of the government an opportunity to settle without

suit, nothing said herein decides the question of whether the six-months provision is binding as against a minor without the capacity for giving such a notice. The notice must be given by somebody. The Code does not specify who shall give it. Since, however, the petition fails to allege the presentation of any claim by or for the plaintiff in this action, the petition is subject to general demurrer, and the trial court did not err in dismissing it.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 29, 1959.

*Lester, Flythe & Lester, James L. Lester,* for plaintiff in error.

*Bernard J. Mulherin, Fulcher, Fulcher, Hagler & Harper,* contra.