43631. CAMPBELL v. CITY OF ATLANTA.

ARGUED MAY 6, 1968—DECIDED MAY 31, 1968.

*Cullen M. Ward, Frank M. Eldridge,* for appellant.
*Henry L. Bowden, Charles M. Lokey,* for appellee.

FELTON, Chief Judge. This case is controlled by the rulings in *Jones v. City Council of Augusta,* 100 Ga. App. 268 (110 SE2d 691), and we deem it unnecessary to repeat a great deal of what

was ruled in that case. The *Jones* case is not distinguishable from this one. All of the facts in this case demand the same conclusions as those reached in the *Jones* case. In this case, as in the *Jones* case, the claims of the husband and wife are separate and distinct. *Brown v. Georgia-Tennessee Coaches,* 88 Ga. App. 519 (77 SE2d 24). In this case it is admitted that the notice was not given by the wife on her claim or by anyone in her behalf. It is contended that the *Jones* case is distinguishable because in that case the notice given was in behalf of the husband and wife in the derivative action and here it was by the husband in the basic action. There is no such distinction to be made, because in the *Jones* case the court ruled that the derivative action, in which notice was given, could have been settled and the notice would have become functus officio and the main action would not have been barred, assuming a proper notice was given. In this case the main action could have been settled, the notice would have become functus officio and the wife's action would not have been barred by the mere settlement of the husband's claim. Implicit in the *Jones* case and others is that since the purpose of the notice is to give opportunity of adjustment of claims without suits, the notice must be by someone whom the notice discloses to be the proper person with whom the adjustment has to be made. In this case all the City of Atlanta was required to do under the law was to seek an adjustment, if it so desired, with the *husband* who gave notice of his claim. It was not incumbent upon it to seek out the wife to make adjustment of a claim of which it had no notice. It is not a question whether the wife might have a claim against the city. The city is only required to make adjustments with parties who make known their claim and their identity as claimants.

The court did not err in rendering a summary judgment in favor of the City of Atlanta.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*