## 49540. COPELAND v. YOUNG et al.

EBERHARDT, Presiding Judge.

In this action the plaintiff named as defendants the City of Woodbury and six individuals (apparently the members of the city governing body) alleging that they, collectively and individually, and through agents, had entered upon plaintiff's property and were in the process of unlawfully destroying certain improvements located thereon. Plaintiff sought both injunctive relief and damages. When the matter came on for hearing it appeared that the destruction had been accomplished and thus whether plaintiff had been entitled to injunctive relief had become moot. Left for disposition was the claim for damages. Defendants moved for summary judgment, submitting affidavits that the city had adopted a housing code under which the improvements had been destroyed as a nuisance and a menace to the health and safety of

the citizens, after affording plaintiff opportunity for a hearing before the mayor and council. Plaintiff, being the executor of the will of the deceased owner, and residing at some distance away, did not appear. Nevertheless the hearing proceeded and evidence was introduced concerning the unsafe condition of the building, etc.

The summary judgment was granted, having the effect of dismissing the action, and plaintiff appeals. *Held:*

1. It is conceded by appellant that no ante litem notice was given to the city, as required under the provisions of Code Ann. § 69-308, and for this reason, and under the authority of *Thompson v. City of Atlanta,* 219 Ga. 190 (132 SE2d 188), we conclude that as to the city the judgment was correct.

2. The six individuals who were named as codefendants in the suit appear to have been the mayor and councilmen who held the hearing and authorized the demolition of the building. It does not appear, however, that they are sued in their official capacity. If sued in their official capacities, naming them as defendants amounts to a suing of the city itself. *Irwin v. Arrendale,* 117 Ga. App. 1 (2) (159 SE2d 719), and the ruling in Division 1 above would apply to them.

3. But if not sued in their official capacity they can be held for their actions taken on behalf of the city only if it is made to appear that the action was malicious, corrupt, oppressive, or unauthorized. Code § 69-208; *City of Hawkinsville v. Wilson & Wilson,* 231 Ga. 110 (200 SE2d 262). There is not sufficient evidence in the record by which that determination could be made here.

The ordinance is presumptively valid, and the movant was entitled to the benefit of the presumption. *Town of Dexter v. Western Union Tel. Co.,* 150 Ga. 294, 296 (103 SE 430). Plaintiff, attacking the ordinance or housing code as having been illegally adopted, and as being unreasonable in some of its provisions, had the burden of showing it, and failed to do so. See in this connection *City of Columbus v. Stubbs,* 223 Ga. 765 (158 SE2d 392), where it was held that unreasonable provisions of a housing code were unenforceable.

While, because of the presumption of validity, and

because of the failure of the plaintiff to submit evidence on the summary judgment hearing showing invalidity of the ordinance, we must proceed on the assumption that the ordinance was valid, and thus that the city and its governing board had authority to act under its provisions, this does not, *as to the individuals,* negative the contention that they had acted with malice, corruption and oppressively or without authority in having the improvements destroyed, and the burden of negativing these matters was upon the movants.

Whether there has been malicious, oppressive or corrupt action in having plaintiff's house destroyed is a factual issue for jury resolution, and upon a jury trial the plaintiff may introduce evidence, if any he has, showing those matters and, as well, that the ordinance was illegally adopted or that provisions thereof which were relied upon and applied against him were unreasonable and thus unenforceable, for the purpose of showing lack of authorization in taking the action.

*Judgment affirmed as to City of Woodbury; reversed as to individual defendants. Deen and Stolz, JJ., concur.*

SUBMITTED JUNE 27, 1974 — DECIDED
OCTOBER 17, 1974.

*George C. Kennedy,* for appellant.
*Elliott, Turner, Bray & Belk, Tyron Elliott,* for appellees.