## 51692. PERDUE v. CITY COUNCIL OF AUGUSTA et al.

EVANS, Judge.

Annie Pearl Purdue was injured and damaged on an Augusta bus when the city bus driver suddenly braked the vehicle in such manner as to throw her against a metal bar in the front of the bus. She sued the Augusta Coach Company and the City Council of Augusta.

One of the defenses of the City of Augusta was that the plaintiff had failed to file a proper claim with the mayor and council within six months as required by Code Ann. § 69-308. The city contends this was a condition precedent to be performed before this action could be brought and contends therefore the action is barred by law and should be dismissed.

The Augusta Coach Company answered, setting forth that it had sold all assets and buses to the City Council of Augusta and was not a proper party and that it should be dismissed.

After discovery, both defendants moved for summary judgment. The court dismissed both defendants holding

the Augusta Coach Company was an improper party and that the plaintiff had failed to comply with the notice provision required by Code Ann. § 69-308 in that the notice was given to the municipal corporation more than 6 months after the date of the injury. Plaintiff appeals. *Held:*

1. Plaintiff does not complain of dismissal of the Augusta Coach Company. But it argues that as the City of Augusta does not have immunity in this case, because it had obtained insurance as to coverage of its liability in this case, all as authorized by Code Ann. § 56-2437, by implication the law requiring notice to the municipality within six months of the injury was repealed.

2. Code Ann. § 69-308 has not been expressly repealed, and repeals by implication are not favored. See Code Ann. § 2-1916 (Constitution of 1945); *Erwin v. Moore,* 15 Ga. 361 (2); *Morris v. City Council of Augusta,* 201 Ga. 666, 672 (40 SE2d 710).

3. Counsel's argument is ingenious and we do not fail to credit him with going the last mile for his client, but we are not able to agree with him. Suppose we agreed he was right; that is, that where insurance coverage is provided for the municipality's liability, certain laws which ordinarily govern are not applicable because immunity must be construed broadly and generously in favor of the injured party. Then could he bring his suit 30 years after the injury and contend that immunity spread a mantle of protection over plaintiff and the municipality could not plead statute of limitation, because after all it was insured by an insurance company and the public taxpayer had nothing to lose? Or suppose he sought to introduce evidence ordinarily impermissible, could he insist that immunity by insurance coverage took away the defendant's ordinary rights of objection to inadmissible evidence.

4. We hold that Code Ann. § 69-308 is still the law irrespective of insurance coverage; and that it has not been changed by Code Ann. § 56-2437. Plaintiff having failed to give notice to the municipality within six months of the claim's origin, the court did not err in dismissing the complaint. See *City of Atlanta v. Scott,* 66 Ga. App. 257, 258 (18 SE2d 76); *City of Barnesville v. Powell,* 124 Ga.

App. 132 (1) (183 SE2d 55); *Copeland v. Young*, 133 Ga. App. 54, 55 (1) (209 SE2d 719); *Thompson v. City of Atlanta*, 219 Ga. 190, 191 (1) (132 SE2d 188).

Judgment affirmed. *Pannell, P. J., and Marshall, J.,* concur.

SUBMITTED JANUARY 9, 1976 — DECIDED FEBRUARY 9, 1976 — REHEARING DENIED FEBRUARY 18, 1976 — ▮▮▮▮▮

*Jay M. Sawilowsky,* for appellant.

*Fulcher, Hagler, Harper & Reed, N. William Pettys, Jr.,* for appellees.