## 55787. CHILES v. CITY OF SMYRNA.

SMITH, Judge.

Chiles sued the City of Smyrna for damages for injuries to her person and damage to her property. Smyrna filed its motion for summary judgment contending that ante litem notice had not been given as required by Code § 69-308. The trial court granted the motion. We affirm.

The ante litem notice to municipalities required by Code § 69-308 states that "[n]o person, firm or corporation, having a claim for money damages against

any municipal corporation on account of injuries to person or property, shall bring any suit at law . . . without first, and within six months of the happening of the event upon which such claim is predicated, presenting in writing such claim to the governing authority . . . stating the *time, place and extent of such injury,* as nearly as practicable, and the *negligence which caused* the same . . ." (Emphasis supplied.) The only matter passed upon by the trial court in the granting of the summary judgment was that of the sufficiency of the ante litem notice.

There are two letters and one form that Chiles contends furnished the notice as required under Code § 69-308. We will look at these individually and collectively to see if they meet the requirement of the Code section. We will take them in the order in which they are dated.

1. *Motor Vehicle Accident Report Form SR-13.* Does it meet the four-way test or any one of the four tests set out in Code § 69-308? It does not qualify as notice in any manner. It is a form filled out for the Georgia Department of Public Safety, and a copy was sent to Smyrna. Regardless of what is on the form, it is not addressed to Smyrna and is not a demand as required by Code § 69-308.

2. *Form letter of July 28, 1975.* This is a form letter from Chiles' insurance carrier to Smyrna Sanitation Department. It is signed by Graham Wiggins, claims representative for the Atlanta Claims Division. This letter does not set out the place, the extent of the injury, or the negligence which caused any injury. The letter only informs the Smyrna Sanitation Department that Maryland Casualty Company is the insurance carrier of Susan Chiles, and it advises the Smyrna Sanitation Department to notify its own insurance carrier if it has one. This is nothing more than a subrogation notice letter which makes no attempt to comply with Code § 69-308; nothing in the letter in any way purported to be notice for or in behalf of Susan Chiles. That Wiggins' letter was nothing more than a subrogation notice is confirmed by a reply letter to Wiggins from Sandra Wetzel, who is a claims adjustor for Smyrna's insurance carrier. Wiggins' letter was not a § 69-308 notification; it was simply the opening round in a property damage subrogation battle between two insurance companies.

3. *Form letter of August 22, 1975.* This is another form letter from Chiles' insurance carrier to INA, the insurance carrier for Smyrna. The letter notifies INA that Maryland Casualty has paid money to Chiles, its insured, and demands reimbursement. The letter also points out that total damages were $1,060.68, with the insured's contribution being $100. This letter was a demand addressed to INA, not to Smyrna.

In addition to the above, Chiles stated in her deposition that she did not mail the letters of July 28 and August 22, 1975. Nor did she direct any "correspondence or letter, or anything like that, to the City Hall or to the Mayor or to anybody like that." She stated further, "This is the first time I have ever seen it." Also, arbitration over the property damage claim was disposed of adversely to Chiles' carrier. The only damage claim ever set out anywhere was the $1,060.68 in the August 22, 1975, letter, and this was only for property damages settled by arbitration. Even if the three documents above satisfied the ante litem notice there was no notice or claim for any personal injuries, only for property damage which has been settled.

This court in *Campbell v. City of Atlanta,* 117 Ga. App. 824, 825 (162 SE2d 213) (1968), stated that the notice required in Code § 69-308 must be given by the person injured and having a claim. "The city is only required to make adjustments with parties who make known their claim and their identity as claimants." Chiles did not make known her claim nor was she ever identified as a claimant in any one document or in all three documents combined. The document discussed in Division 1, above, showed her as being involved in an accident with damage to her car and injuries to herself. The sending of Form 13 to the City of Smyrna served as information only. There was no demand attached thereto.

The document set out in Division 2, above, showed Chiles as the insured of Maryland Casualty Company, not as a claimant making a demand upon Smyrna.

The document set out in Division 3, above, showed Chiles as the insured of Maryland Casualty and the Smyrna Sanitation Department as the other party. Once again there was not a demand or claim filed against

Smyrna, and even if there was a demand, it was for property damage only. The only time the City of Smyrna came close to being named was in document two, which was addressed to "Smyrna Sanitation Department, West Spring Street, Smyrna, Georgia." Chiles cites *City of Atlanta v. Frank,* 120 Ga. App. 273 (170 SE2d 265) (1969) as authority for the fact that the notice does not have to be received by the City of Smyrna as such. This is true but you must have a claim notice that meets the "four-way test" of Code § 69-308 before you can invoke this principle of law. The alleged notice here does not. *Jones v. City Council of Augusta,* 100 Ga. App. 268 (3) (110 SE2d 691) (1959) states, "A mere notice of injury, although in writing, and announcing an intention to file suit, does not constitute a presentation of the claim or demand to the governing authorities of the municipality for adjustment so to meet the requirements of Code (Ann.) § 69-308." The most you can say about any one, or of all three documents combined, is that they were a mere notice of injury and property damage.

Finally, if the combined information in the three documents would add up to ante litem notice as to content, it still would not meet the requirements of § 69-308. This is true because only one of them, document two, was addressed to the City of Smyrna through the Sanitation Department. The other two were addressed either to the Department of Public Safety or to an insurance company. Therefore we hold that a municipality is not bound to gather up all letters, forms and documents written to every Tom, Dick and Harry about an alleged claim against it in order to determine if it has been placed on notice as required by Code § 69-308. In order for notice to be in compliance with § 69-308, it must be addressed to and received by the municipality or one of its departments or officials. As stated in *Jones v. City Council of Augusta,* 100 Ga. 268 (1), supra, "The presentation of the claim for adjustment is a condition precedent to bringing the action." Chiles did not do so in this case.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED MAY 1, 1978 — DECIDED MAY 17, 1978 —

*Raiford, McKeithen & Dixon, Tyler Dixon,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Meade Burns, Michael T. Bennett,* for appellee.