57781. COBB v. BOARD OF COMMISSIONERS OF ROADS & REVENUE OF TIFT COUNTY et al.

UNDERWOOD, Judge.

This is an action against the governing authority of Tift County for personal injuries sustained by plaintiff in a collision with a vehicle being operated by defendants' servant, allegedly in the scope of his employment with the county. The trial court granted summary judgment to defendants on the ground that "the claim of the plaintiff was not presented within twelve (12) months after the same accrued as required by law, specifically Sec. 23-1602 *Ga. Code Ann.* and the claim of the plaintiff is barred by the statute of limitation contained in that code section." We affirm.

1. In this court plaintiff contends that Code Ann. § 23-1602, providing that "[a]ll claims against counties must be presented within 12 months after they accrue or become payable, or the same are barred . . .," is inconsistent with, and must yield to, Art. IX, Sec. VI, Par. II, Constitution of 1976 (Code Ann. § 2-6302), and Code Ann. § 56-2437, both of which provide that the governmental immunity of a county is waived to the extent of liability insurance purchased by it, and that neither the county nor the insurer shall be entitled to plead governmental immunity as a defense "and may make only such defense as could be made if the insured were a private person."

However, Code. Ann. § 56-2437 also applies to municipalities, and we rejected this line of argument with respect to Code Ann. § 69-308, the counterpart statute of limitation applicable to suits against municipalities, holding "that Code Ann § 69-308 is still the law irrespective of insurance coverage; and that it has not been changed by Code Ann. § 56-2437." *Perdue v. City Council of Augusta,* 137 Ga. App. 702 (225 SE2d 62) (1976). The same ruling is required here, and in like

manner we find no conflict between the statute of limitation and the constitutional and statutory provisions relating to waiver of immunity.

2. The fact that the county's liability insurer may have taken investigation of the case does not constitute the presentation of the claim to the county as required by Code § 23-1602. Formal, written notice is required *(Doyal v. Dept. of Transp.,* 142 Ga. App. 79 (234 SE2d 858) (1977)), and notice to the county's liability insurer does not satisfy the statute. *Powell v. County of Muscogee,* 71 Ga. 587 (1883). Cf. *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (6) (170 SE2d 339) (1969).

*Judgment affirmed. Deen, C. J., Quillian, P. J., Shulman, Banke, Birdsong and Carley, JJ., concur. McMurray, P. J., and Smith, J., dissent.*

SUBMITTED MAY 2, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 25, 1979 — ▮▮▮▮▮▮▮

*Peter Zack Geer, Henry Bostick,* for appellant.
*Richard W. Fields, Ralph W. Simpson,* for appellees.

MCMURRAY, Presiding Judge, dissenting.

A summary judgment in favor of a governmental authority (Tift County) was granted on the ground that the claim of the plaintiff was not presented within twelve months after the same accrued as required by law (Code § 23-1602). The evidence presented in behalf of the governmental authority (affidavits of the individual commissioners) was that no written claim had been made to each as a member of the Board of Commissioners of Roads and Revenues of Tift County, Georgia, and that at no time within the period of twelve months were any of these defendants as official members of the Board of Commissioners of Roads and Revenues of Tift County, Georgia "presented with written notice . . . of a claim . . ." This evidence is simply insufficient for the determination of summary judgment, i.e., it fails to "show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law." It fails to pierce the formal verbiage of the pleadings as the

burden is upon the moving party to establish the lack of a genuine issue as to any material fact. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4-5 (126 SE2d 442).

It is true that the plaintiff has not attached a copy of a written claim to his affidavit in opposition to defendants' motion for summary judgment but none was necessary until the movant had offered sufficient proof for the grant of same. However, numerous written letters of negotiation of settlement by and between plaintiff's counsel and the Travelers Insurance Company were attached to an affidavit submitted by counsel.

I agree fully that Code § 23-1602 is a statute of limitation and that the case law interpreting same requires that written notice of the claim must be made; but inasmuch as the contract of insurance has not been produced to show what agreement the county may have made as to the requirement of notice with the insurer, if any, I cannot agree that the evidence establishes that no notice of the claim whatsoever has been made simply because each commissioner testifies he was not presented with written notice of the claim. This does not show that no written notice reached the board by and through its authorized representatives or that it is not on file with the board. The board may have authorized in its contract with the insurer that the insurer was to receive all such claims for the board, that is, in the event no such claim was duly forwarded to the clerk or other authorized representative of the board. See in this connection *Chiles v. City of Smyrna,* 146 Ga. App. 260, 263 (246 SE2d 117) (1978).

I, therefore, respectfully dissent.

I am authorized to state that Judge Smith joins in this dissent.