**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**October 18, 2021**

# In the Court of Appeals of Georgia

A21A0831. CITY OF ATLANTA v. BURGOS.

HODGES, Judge.

This case arises from a motor vehicle collision between a City of Atlanta police officer and Angeles Judith Burgos. The City of Atlanta ("the City") appeals from the trial court's denial of its motion for summary judgment and its grant of Burgos' cross-motion for partial summary judgment as to liability.[1] On appeal, the City contends

---

[1] Despite nominally appealing the trial court's grant of Burgos' cross-motion for partial summary judgment on the issue of liability, the City's appellate brief says nothing further on this point. Rather, the City's brief acknowledges that it has admitted liability: "Appellant does not dispute that it waived 'sovereign immunity for a loss arising out of claims for the negligent use of a covered motor vehicle' up to the limits set forth in OCGA § 36-92-2 (a). *Appellant's admission of liability* served simply to acknowledge that the use of its covered motor vehicle at issue here was negligent." (Punctuation omitted; emphasis supplied.). Because the City presents no argument or citation of authority regarding the form of relief requested, i. e., the reversal of the trial court's grant of summary judgment to Burgos, this contention is deemed abandoned. See *Barnes v. Bearden*, 357 Ga. App. 99, 102 (1) (a) (850 SE2d

that the trial court erred in finding: (1) that Burgos' claims could proceed in the absence of a proper ante litem notice; and (2) that the ante litem notice requirements set forth in OCGA § 36-33-5 are rendered inapplicable when a municipality waives sovereign immunity pursuant to OCGA § 36-92-2. For the reasons that follow, we reverse the denial of summary judgment to the City and vacate the grant of summary judgment to Burgos.[2]

> Summary judgments enjoy no presumption of correctness on appeal, and
> an appellate court must satisfy itself de novo that the requirements of
> OCGA § 9-11-56 (c) have been met. In our de novo review of the grant

---

181) (2020); see also Court of Appeals Rule 25 (c) (2). Nevertheless, because we conclude that Burgos failed to satisfy the ante litem notice requirements, which is a threshold issue, that portion of the trial court's order granting Burgos' motion for summary judgment is vacated.

[2] The City moved the trial court for summary judgment or, in the alternative, to dismiss the action for failure to state a claim. With the motion for summary judgment, the City filed evidence including the ante litem notices and various pieces of correspondence. The trial court's order is ambiguous regarding whether it is denying the City's motion to dismiss or its motion for summary judgment. When a trial court's order is ambiguous, OCGA § 9-11-12 (b) "requires the reviewing court to first determine whether either party has presented matters outside the pleadings to the trial court. If no such matters are presented, then the motion is treated as a motion for dismissal. If such matters outside the pleading[s] have been presented, a further determination has to be made as to whether the trial court excluded them." *Thompson v. Avion Systems, Inc.*, 284 Ga. 15, 16 (663 SE2d 236) (2008). Here, the trial court considered these matters and did not exclude them. Therefore, we treat the trial court's order as one denying summary judgment to the City. Id. at 17.

[or denial] of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

So viewed, the evidence shows that, on May 10, 2016, an Atlanta police officer was driving southbound on Georgia Highway 42 (Moreland Avenue) when another vehicle turned left in front of his patrol car. The officer swerved into the northbound lanes and collided with Burgos' vehicle. Burgos and her minor son were injured; another minor passenger was killed. The mother of the child who died sued Burgos and others first, but later amended her complaint to add the police officer and the City. Burgos then filed a cross-complaint against the police officer to recover for the injuries she and her son sustained. The police officer moved to dismiss the complaint. The trial court granted this motion, reasoning that he was a City employee driving a City vehicle in his official capacity at the time of the crash. Burgos then moved to substitute the City in the officer's place, and the trial court granted that motion over the City's objection.

The City moved for summary judgment,[3] contending, inter alia, that in adding it as a party, Burgos failed to comply with the ante litem notice requirements of OCGA § 36-33-5 because she failed to list the specific amount of damages she was seeking. Burgos responded and moved for partial summary judgment on the issue of the City's liability.

The trial court granted Burgos' motion and denied the City's. In doing so, it appears to have essentially determined that, because the City had acknowledged a waiver of sovereign immunity up to the statutory limits of OCGA § 36-92-2, it was barred from raising the ante litem requirements as a defense.[4] The City filed the instant appeal.

1. The City argues that, because Burgos failed to comply with the ante litem notice requirements, the trial court erred in allowing Burgos' claims to proceed. We agree.

---

[3] See n. 2, supra.

[4] We cannot be sure of the trial court's full reasoning, because it appears that a page or pages are missing, as the order's second page begins mid-sentence.

4

OCGA § 36-33-5 (b) provides, in pertinent part, that within six months of the event upon which the claim against a municipal corporation is predicated, the person making the claim

> shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

> OCGA § 36-33-5 (e) provides, in pertinent part, that

> The description of the extent of the injury required in subsection (b) of this Code section *shall include the specific amount of monetary damages being sought from the municipal corporation*. The amount of monetary damages set forth in such claim shall constitute an offer of compromise.

(Emphasis supplied.)

Burgos presented three documents titled "Ante Litem Notice of Claim," dated May 24, June 22, and August 16, 2016. All of the notices provided, as to monetary issues, only that Burgos was making a "claim . . . for a sum to be determined at a later date." The first two notices were additionally insufficient under the statute in various

other ways. The City responded to the first two notices via letters stating that they failed to meet the requirements of OCGA § 36-33-5 and denied the claim. The City's response to the third notice, however, did not mention OCGA § 36-33-5 or the notice's sufficiency or insufficiency. Instead, it stated that "the Atlanta City Council has waived . . . immunity for vehicular accidents" pursuant to OCGA § 36-92-2 (a) (3) up to the financial limits specified therein.

The notices are clearly insufficient because they do not list any amount of damages sought. OCGA § 36-33-5 (e) requires plaintiffs to list a specific amount of damages sought which "shall constitute an offer of compromise." As this Court has held, "[i]t follows that a notice does not substantially comply with subsection (e) unless a specific amount is given that would constitute an offer that could be accepted by the municipality." *Harrell v. City of Griffin*, 346 Ga. App. 635, 638 (1) (816 SE2d 738) (2018) (affirming grant of motion to dismiss plaintiff's claim regarding injuries caused when a police vehicle hit the truck in which she was riding because plaintiff failed to include the specific amount sought, instead stating only that she sought full recovery as allowed by Georgia law, including past and future pain and suffering, medical expenses, and lost wages). As none of Burgos' ante litem notices listed a specific amount claimed, they are insufficient.

6

In her appellate brief, Burgos appears to argue that, because the City's response to the third notice both did not state that it was insufficient under OCGA § 36-33-5 and acknowledged the City's waiver of sovereign immunity up to its policy limits, this means that she "substantially complied" with the ante litem notice requirement and that the City is "estopped to deny the validity of the notice."[5] This conclusion is incorrect on both counts.

"The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." (Citation and punctuation omitted.) *City of Albany v. GA HY Imports, LLC*, 348 Ga. App. 885, 888 (825 SE2d 385) (2019). Further, "[g]overning officials cannot waive statutory ante litem notice requirements either expressly or by conduct." (Citation and punctuation omitted.) Id.; see also *Pickens v. City of Waco*, 352 Ga. App. 37, 44 (1) (833 SE2d 713) (2019) (holding that a city's failure to notify injured pedestrian that

---

[5] Whether OCGA § 36-33-5 (e) requires substantial or strict compliance is not clear; neither we nor our Supreme Court has expressly decided the issue. See *City of Lafayette v. Chandler*, 354 Ga. App. 259, 261 (840 SE2d 638) (2020). "[E]ven if only substantial compliance is required for subsection (e), a notice does not substantially comply with subsection (e) unless a specific amount is given . . .." (Citation and punctuation omitted.) *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 296 (1) (834 SE2d 358) (2019). We need not resolve the issue here because under either standard, Burgos' ante litem notices did not state a specific amount sought.

her ante litem notice failed to meet the statutory requirement of listing the specific amount of damages claimed did not cure the notice's deficiency, as the pedestrian alone bore the burden of ensuring that the notice complied with the statutory requirements as a condition precedent to maintaining suit). Even though the City's response did not challenge the validity of the third notice and acknowledged its waiver of sovereign immunity up to specified policy limits, this "can not work [as] a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it." *GA HY Imports,* 348 Ga. App. at 889 (finding no waiver even where the city did not object when plaintiff failed to serve the notice on the proper city officials pursuant to OCGA § 36-33-5 (f)). This is so because "the failure to give such notice cannot be waived. . . ." *Goen v. City of Atlanta*, 224 Ga. App. 484, 486 (2) (481 SE2d 244) (1997) (finding that the city had not waived ante litem notice even where it had failed to raise the issue of insufficient notice at the pretrial order stage, and even though it had offered to buy the plaintiff's property). Even were a City official to expressly waive the ante litem notice requirement, which is not the case here, such a waiver is deemed ineffectual. See *Evans v. City of Covington*, 240 Ga. App. 373, 374-375 (2) (523 SE2d 594) (1999); see also *City of Calhoun v. Holland*, 222 Ga. 817, 819 (152

SE2d 752) (1966) (finding that a city council "had no right to waive the requirements of [OCGA § 36-33-5]").

2. The City argues that the trial court erred in finding that its waiver of sovereign immunity under OCGA § 36-92-2 meant that Burgos did not need to comply with the procedural requirements of the ante litem notice, as set forth in OCGA § 36-33-5. Once again, we agree.

Although our appellate courts appear not to have addressed this question since the current version of OCGA § 36-33-5 became effective in 2014, we have previously analyzed the relevant issue of whether a city or county's waiver of sovereign immunity and its insurance coverage obviates the requirement that a plaintiff comply with notice of claim statutes, including the predecessor statute to OCGA § 36-33-5. In an analogous case, this Court determined that a plaintiff was not relieved of meeting the procedural requirements as to the time for filing an ante litem notice even though the City of Augusta had insurance coverage and had waived sovereign immunity regarding claims of loss arising from a city bus driver's negligent use of a motor vehicle. *Perdue v. City Council of Augusta*, 137 Ga. App. 702, 703 (1) - (3) (225 SE2d 62) (1976). There, we held that "[OCGA § 36-33-5] is still the law irrespective of insurance coverage; and that has not been changed by [OCGA § 33-

24-51].” Id. at 703 (4). OCGA § 33-24-51 (b) provides, in pertinent part, that “[t]he sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided in [OCGA §] 36-92-2.” We reiterated this principle in *Cobb v. Board of Commissioners of Roads & Revenue of Tift County*, 151 Ga. App. 472 (260 SE2d 496) (1979), disapproved on other grounds by *Dept. of Public Safety v. Ragsdale*, 308 Ga. 210, 214, n. 7 (839 SE2d 541) (2020). In *Cobb*, which involved personal injury claims arising from the use of a county’s covered motor vehicle, we found “no conflict between the [statutory requirements regarding when a claim must be presented] and statutory provisions relating to waiver of immunity[,]” and we affirmed the trial court’s grant of summary judgment to the Board of Commissioners and the county because the plaintiff failed to present his claim within the time specified by the relevant statute. Id. at 472-473 (1) (referencing the predecessor statute to OCGA § 36-11-1 which provides that claims against counties must be presented within 12 months after they accrue or become payable).

Burgos cites to no contrary authority,[6] and her arguments that *Perdue* and *Cobb* are limited only to instances in which a plaintiff fails timely to file a notice are unpersuasive, as no language in those cases provides such a limitation. Indeed, *Perdue* recognizes that "[c]ounsel's argument is ingenious" on this point, 137 Ga. App. at 703 (3), but refutes that argument with a broad analogy:

> Suppose we agreed [counsel] was right; that is, that where insurance coverage is provided for the municipality's liability, certain laws which ordinarily govern are not applicable because immunity must be construed broadly and generously in favor of the injured party. Then could he bring his suit 30 years after the injury and contend that immunity spread a mantle of protection over plaintiff and the municipality could not plead statute of limitation, because after all it was insured by an insurance company and the public taxpayer had nothing to lose? Or suppose he sought to introduce evidence ordinarily impermissible, could he insist that immunity by insurance coverage took away the defendant's ordinary rights of objection to inadmissible evidence[?]

---

[6] The one case to which Burgos independently cites in response to this enumeration addresses the issue of estoppel, but has been overruled on that very point. See *City of Atlanta v. Frank*, 120 Ga. App. 273, 276 (2) (170 SE2d 265) (1969), overruled by *City of Atlanta v. Black*, 265 Ga. 425, 427 n. 2 (457 SE2d 551) (1995).

11

Id. *Perdue* answered this question in the negative, upholding the trial court's dismissal of the plaintiff's complaint. Id. at 703 (4).

Following the authority in *Perdue* and in *Cobb*, we find that the trial court erred in its implicit determination that the requirements of the ante litem notice statute, OCGA § 36-33-5, were obviated by the City's waiver of sovereign immunity. We thus reverse the trial court's denial of summary judgment to the City, and vacate its grant of summary judgment to Burgos.

*Judgment reversed in part and vacated in part. Miller, P. J., and Pipkin, J., concur.*